**IN THE CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**ST. LOUIS CITY, MISSOURI**

| | |
|---|---|
| MAJOR BRANDS, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MAST-JÄGERMEISTER US, INC., ) | |
| ) | |
| <u>Serve</u>: ) | |
| c/o CT Corporation System ) | |
| 111 Eighth Avenue ) | Cause No. _____ |
| New York, New York 10011 ) | |
| ) | Div. No. _____ |
| MAST-JÄGERMEISTER US HOLDING, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| <u>Serve</u>: ) | |
| c/o The Corporation Trust Company ) | |
| Corporation Trust Center ) | |
| 1209 Orange Street ) | |
| Wilmington, DE 19801 ) | |
| ) | |
| and ) | |
| ) | |
| SOUTHERN GLAZER'S WINE AND ) | |
| SPIRITS OF MISSOURI, LLC ) | |
| ) | |
| <u>Serve</u>: ) | |
| c/o CSC-Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| and ) | |
| ) | |
| SUPERIOR WINES AND LIQUORS, INC. ) | |
| ) | |
| <u>Serve</u>: ) | |
| c/o CSC-Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| ) | |

Exhibit 4

| | |
|---|---|
| and | ) |
| | ) |
| SOUTHERN GLAZER'S WINE AND | ) |
| SPIRITS, LLC | ) |
| | ) |
| <u>Serve</u>: | ) |
| c/o Corporation Service Company | ) |
| 251 Little Falls Drive | ) |
| Wilmington, DE 19808 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PETITION

COMES NOW Plaintiff Major Brands, Inc. ("Major Brands" or "Plaintiff"), by and through its undersigned counsel, and for its Petition against Defendants Mast-Jägermeister US, Inc. a/k/a Mast-Jaegermeister US, Inc. ("Jägermeister US"), Mast-Jägermeister US Holding, Inc. a/k/a Mast-Jaegermeister US Holding, Inc. ("Jägermeister US Holding" and, together with Jägermeister US, "Jägermeister"), Superior Wines and Liquors, Inc. ("Superior"), Southern Glazer's Wine and Spirits, LLC ("SGWS"), and Southern Glazer's Wine and Spirits of Missouri, LLC ("Southern Missouri") (collectively "Superior," "SGWS," and "Southern Missouri" are referred to as "Southern") seeking declaratory and other relief, states as follows: seeking declaratory and other relief, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Major Brands, which is a corporation organized and existing under the laws of the State of Missouri, is a resident of St. Louis City, Missouri, with its principal place of business located at 6701 Southwest Avenue, Saint Louis, Missouri 63143.

2. Defendant Jägermeister US is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 20 Cedar Street, New Rochelle, New York 10801.

2

3. Defendant Jägermeister US Holding is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 333 Mamaroneck Avenue, #348, White Plains, New York 10605.

4. Defendant Superior is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 6201 Stillwell, Kansas City, MO 64120.  Superior is a licensed wholesale distributor of intoxicating liquor products in the State of Missouri and is a part of the Southern wholesale distribution network in the State of Missouri. Superior is located at the same site as Southern Missouri's Kansas City facility and, upon information and belief, is appointed to distribute all or substantially all of the same brands of intoxicating liquor in Missouri that Southern Missouri distributes.  Upon information and belief, Superior is an alter ego of SGWS and Southern Missouri, being entirely controlled by them and having no independent existence apart from them.

5. Defendant SGWS is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1600 NW 163rd Street, Miami, Florida 33169.

6. Defendant Southern Missouri is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business located at 1 Glazer Way, St. Charles, Missouri 63301.  Southern Missouri is a licensed wholesale distributor of intoxicating liquor products in the State of Missouri and is a part of the Southern wholesale distribution network in the State of Missouri.

7. Southern Missouri holds itself out as a Missouri LLC, but is regulated by the Missouri Department of Public Safety Division of Alcohol and Tobacco Control as a Missouri corporation under the plenary authority given to Missouri by the Twenty-first Amendment to the

Electronically Filed - City of St. Louis - February 22, 2018 - 07:46 PM

U.S. Constitution to regulate the distribution of alcohol within its borders. Southern Missouri has been a Missouri corporation since its formation as Ozark Distributors, Inc. on November 2, 1944.

8. Under Missouri law, if Southern Missouri were not a corporation and were not treated as such by the State under the Missouri Liquor Control Law and related regulations, it would be barred from holding a license to distribute intoxicating liquor in Missouri pursuant to Mo. Rev. Stat. § 311.060.

9. This Court has original jurisdiction over this civil action pursuant to Article V, Section 14(a) of the Missouri Constitution.

10. Venue is proper in the Circuit Court of St. Louis City, Missouri pursuant to Mo. Rev. Stat. § 508.010 in that Plaintiff resides in this Circuit and Defendants Jägermeister and Southern caused Plaintiff's injury in the City of St. Louis.

## GENERAL ALLEGATIONS

11. Major Brands is a wholesaler licensed in the State of Missouri, under the provisions of Chapter 311 R.S.Mo., to sell intoxicating liquor to retailers licensed in the State of Missouri.

12. Southern Missouri and Superior are wholesalers licensed in the State of Missouri under the provisions of Chapter 311 R.S.Mo., to sell intoxicating liquor to retailers licensed in the State of Missouri, and both compete with Major Brands.

13. Jägermeister is a manufacturer whose brands of intoxicating liquor are distributed through duly-licensed wholesalers in the State of Missouri.

14. Major Brands has had a longstanding agreement with Jägermeister for decades whereby it was granted the rights to offer, sell, and distribute within the State of Missouri certain brands of spirits (the "Brands") and Major Brands has for decades offered, sold and distributed

4

those Brands of spirits within the State of Missouri (the "Distribution Agreement") creating demand and value for those Brands in this State.

15. Pursuant to the Distribution Agreement, Major Brands has made substantial investments in the marketing and distribution of the Brands, and has built up and developed goodwill over the decades for those products throughout the State of Missouri. Major Brands' investments include, without limitation, significant expenditures of time, money, and human resources.

16. Under Missouri's Franchise law [Mo. Rev. Stat. § 407.400, *et. seq*.] and as part of the Distribution Agreement, Jägermeister may only terminate the Distribution Agreement and Major Brands' rights to distribute the Brands after first establishing "good cause" for the termination, as that term is defined in Section 407.413.5 of the Revised Statutes of Missouri.

17. On February 13, 2018, Jägermeister told Major Brands that it was purporting to terminate the Distribution Agreement. Jägermeister did not provide any reasonable grounds for the purported termination that would constitute "good cause" under Section 407.413.5 of the Revised Statutes of Missouri. Jägermeister admitted that the purported termination had "nothing to do with Major Brands' performance," but was the result of Jägermeister's desire to consolidate nationally with Southern.

18. Southern (including SGWS, Southern Missouri, and Superior) is aware of Missouri's Franchise law and is willfully and purposefully inducing Jägermeister to violate Missouri law.

19. Jägermeister's attempt to terminate Major Brands as a wholesaler, after Major Brands has built up the sales and Jägermeister brand over decades, without establishing good cause

5

violates Missouri's Franchise law [Mo. Rev. Stat. § 407.400, *et. seq*.], and, therefore, any purported termination is null and void.

**Count I**
**Declaratory Judgment**

20. Major Brands incorporates its allegations set forth above as though fully set forth herein.

21. Missouri's Declaratory Judgment Act [Mo. Rev. Stat. § 527.010, *et seq.*] permits the declaration of a party's rights, status, or other legal relationship.

22. A present and justiciable controversy exists between Major Brands and Jägermeister regarding whether Jägermeister has a right to terminate Major Brands as a wholesaler under applicable law.

23. Specifically, Jägermeister has no right to terminate Major Brands as a wholesaler without first establishing good cause and, therefore, Jägermeister's attempted termination violates Missouri's Franchise law [Mo. Rev. Stat. § 407.400, *et. seq*.].

24. Major Brands' relationship with Jägermeister constitutes a "franchise" as that term is defined in Section 407.400(1) R.S.Mo., because it is a commercial relationship of continuing indefinite duration between a wholesaler and a supplier wherein Major Brands was granted the right to offer, sell, and distribute within the State of Missouri the Brands of intoxicating liquor.

25. Alternatively, Major Brands' relationship with Jägermeister over the decades constitutes a "franchise" as that term is defined in Section 407.400(1) R.S.Mo., because it is an arrangement for an indefinite period, in which Jägermeister granted to Major Brands a license to use its trade name, trademark, service mark, or related characteristic, and in which Major Brands and Jägermeister have a community of interest in the marketing of the Brands at wholesale.

26. Under Section 407.413.2 R.S.Mo.:

> [N]o supplier shall unilaterally terminate or refuse to continue or change substantially the condition of any franchise with the wholesaler unless the supplier has first established good cause for such termination, noncontinuance or change.

27. Jägermeister's unilateral termination of Major Brands' franchise without first establishing good cause for such termination violates Section 407.413.2.

28. The desire to consolidate distribution nationally is not "good cause" as that term is defined in Missouri alcohol distribution laws established to protect Missouri citizens and the public, and Jägermeister's attempted termination violates Missouri's Franchise law [Mo. Rev. Stat. § 407.400, *et. seq*.].

29. Therefore, any purported termination by Jägermeister of Major Brands as its wholesaler for the Brands must be declared null and void.

WHEREFORE, Plaintiff Major Brands respectfully requests that the Court:

1) enter judgment in favor of Major Brands and against Defendant Jägermeister on Count I;

2) enter an order declaring that Defendant Jägermeister has no right to terminate Major Brands as a wholesaler pursuant to the Missouri Franchise law [Mo. Rev. Stat. § 407.413, *et. seq*.] because it has not established good cause for such termination;

3) enter an order declaring that Defendant Jägermeister's attempted termination of Major Brands as Jägermeister's wholesaler is null, void, and without legal effect; and

4) provide any other relief that this Court deems just and proper under the circumstances.

## Count II
## Violation of Section 407.413 R.S.Mo.

30. Major Brands incorporates its allegations set forth above as though fully set forth herein.

31. Jägermeister has violated Section 407.413.2 R.S.Mo., by unilaterally terminating its franchise with Major Brands without first establishing good cause for such termination.

32. Pursuant to Section 407.413.3 R.S.Mo., "[a]ny wholesaler may bring an action in a court of competent jurisdiction against a supplier for violation of any of the provisions of this section and may recover damages sustained by such wholesaler together with the costs of the action and reasonable attorney's fees."

33. As a result of the Jägermeister's conduct, Major Brands has sustained damages in excess of $25,000.00.

WHEREFORE, Major Brands prays for a judgment in its favor and against Jägermeister in an amount to be determined at trial, for its costs of bringing this action and reasonable attorneys' fees, for appropriate injunctive relief, and for any other and further relief as this Court deems just and proper.

### Count III
### Breach of Contract

34. Major Brands incorporates its allegations set forth above as though fully set forth herein.

35. The Distribution Agreement was at all times and remains, a valid contract supported by adequate consideration.

36. Major Brands has performed its obligations under the Distribution Agreement.

37. Jägermeister has breached the terms of the Distribution Agreement by unilaterally terminating the Distribution Agreement without good cause.

38. Jägermeister's breach of the Distribution Agreement has caused Major Brands to suffer damages in an amount greater than $25,000.00.

WHEREFORE, Major Brands prays for a judgment in its favor and against Jägermeister in an amount to be determined at trial, for its costs of bringing this action, and for any other and further relief as this Court deems just and proper.

## Count IV
## Breach of the Covenant of Good Faith and Fair Dealing

39. Major Brands incorporates its allegations set forth above as though fully set forth herein.

40. Major Brands has performed its obligations under the Distribution Agreement.

41. As part of the Distribution Agreement, Jägermeister agreed it would not terminate Major Brands as a distributor of certain brands of Jägermeister's spirits unless it could establish good cause for such termination.

42. The law implies a covenant of good faith and fair dealing into the terms of the Distribution Agreement.

43. Jägermeister has breached the covenant of good faith and fair dealing by unilaterally terminating its Distribution Agreement with Major Brands without good cause.

44. As a result of Jägermeister's breach of the covenant of good faith and fair dealing, Major Brands has suffered damages in an amount greater than $25,000.00.

WHEREFORE, Major Brands prays for a judgment in its favor and against Jägermeister in an amount to be determined at trial, for its costs of bringing this action, and for any other and further relief as this Court deems just and proper.

## Count V
## Recoupment

45. Major Brands incorporates its allegations set forth above as though fully set forth herein.

46. Major Brands, in reliance upon the Distribution Agreement and in good faith, has incurred expense and devoted time and labor to the marketing and distribution of Jägermeister's brands of spirits.

9

47. Major Brands has not had sufficient opportunity to recoup the value of its expenditures, its time and its labor from its efforts to market and distribute the Brands.

48. Accordingly, in the event Jägermeister's termination of the Distribution Agreement is upheld, Jägermeister should be required to compensate Major Brands in an amount adequate to give Major Brands value for the expense, time and labor incurred on behalf of the Brands, which amount is greater than $25,000.00.

WHEREFORE, Major Brands prays for a judgment in its favor and against Jägermeister in an amount to be determined at trial, for its costs of bringing this action, and for any other and further relief as this Court deems just and proper.

## Count VI
## Unjust Enrichment

49. Major Brands incorporates its allegations set forth above as though fully set forth herein.

50. Major Brands has expended substantial money, time and labor in, among other things, marketing and distributing Jägermeister's brands of spirits in the State of Missouri.

51. Major Brands' efforts have conferred benefits upon Jägermeister.

52. Further, Jägermeister appreciates the fact of such benefits.

53. Allowing Jägermeister to accept and retain the benefits conferred upon it by Major Brands' efforts without adequate payment to Major Brands for those benefits would be inequitable.

54. Accordingly, the Court should order payment from Jägermeister to Major Brands in an amount sufficient to account for the value of the benefits conferred upon Jägermeister by Major Brands, which amount is greater than $25,000.00.

Electronically Filed - City of St. Louis - February 22, 2018 - 07:46 PM

WHEREFORE, Major Brands prays for a judgment in its favor and against Jägermeister in an amount to be determined at trial, for its costs of bringing this action, and for any other and further relief as this Court deems just and proper.

## Count VII
### Tortious Interference (Against Jägermeister)

55. Major Brands incorporates its allegations set forth above as though fully set forth herein.

56. Major Brands has a valid business expectancy in the distribution of the Brands to numerous retailers licensed to sell intoxicating liquor within the State of Missouri.

57. Jägermeister is aware of Major Brands' business expectancy in the distribution of the Brands to such retailers.

58. Jägermeister intentionally interfered with said business expectancy by terminating Major Brands' Distribution Agreement.

59. Jägermeister was not justified in interfering with, and used improper means to interfere with, said business expectancy.

60. Jägermeister's tortious interference was intentional, wanton, willful, outrageous, deliberate, done with an evil motive, and in reckless disregard and indifference to the interests and rights of Major Brands, thus warranting an award of punitive damages in a fair and reasonable amount to be determined at trial.

61. Major Brands has suffered damages in an amount greater than $25,000.00 as a result of Jägermeister's intentional interference with Major Brands' business expectancy.

WHEREFORE, Major Brands prays for a judgment in its favor and against Jägermeister in an amount to be determined at trial, including an award of punitive damages, and for its costs of bringing this action and for any other and further relief as this Court deems just and proper.

## Count VIII
## Tortious Interference (Against Southern)

62. Major Brands incorporates its allegations set forth above as though fully set forth herein.

63. Major Brands has both a valid Distribution Agreement with Jägermeister whereby it was granted the rights to offer, sell, and distribute within the State of Missouri certain of Jägermeister's Brands, and a valid business expectancy in the continued distribution of the Brands to numerous Missouri retailers.

64. Southern was and is aware of Major Brands' Distribution Agreement with Jägermeister and was and is aware of Major Brands' protected franchise rights, contract rights, and business expectancy in its continued distribution of the Brands to retailers.

65. Southern intentionally interfered with said protected franchise rights, contract rights, and business expectancy by inducing Jägermeister to breach its Distribution Agreement with Major Brands and violate Missouri's Franchise Law by terminating its Distribution Agreement with Major Brands without good cause.

66. Southern was not justified in interfering with, and used improper means to interfere with, said protected franchise rights, contract rights, and business expectancy.

67. Major Brands has been damaged in an amount greater than $25,000.00 as a result of Southern's intentional interference with Major Brands' franchise rights, contract rights, and business expectancy.

68. Southern's actions in interfering with Major Brands' franchise rights, contract rights, and business expectancy were intentional, wanton, willful, outrageous, deliberate, done with an evil motive, and in reckless disregard and indifference to the interests and rights of Major

Brands, thus warranting an aware of punitive damages in a fair and reasonable amount to be determined at trial.

WHEREFORE, Major Brands prays for a judgment in its favor and against the Southern defendants—including SGWS, Southern Missouri, and Superior—in an amount to be determined at trial, including an award of punitive damages, and for its costs of bringing this action and for any other and further relief as this Court deems just and proper.

### Count IX
### Civil Conspiracy

69. Major Brands incorporates its allegations set forth above as though fully set forth herein.

70. Major Brands has valid protected Missouri franchise rights with Jägermeister whereby it was granted the exclusive rights to offer, sell, and distribute within the State of Missouri certain of Jägermeister's Brands to numerous Missouri retailers.

71. Southern was and is aware of Major Brands' protected Missouri franchise rights with Jägermeister in its continued distribution of the Brands to retailers.

72. Southern and Jägermeister conspired to intentionally violate said protected Missouri franchise rights by illegally terminating Jägermeister's Distribution Agreement with Major Brands and violating Missouri's Franchise Law without good cause.

73. Southern and Jägermeister were not justified in conspiring to violate Major Brands' protected Missouri franchise rights.

74. Major Brands has been damaged in an amount greater than $25,000.00 as a result of Southern and Jägermeister's improper actions in violation of Missouri law.

75. Southern and Jägermeister's actions in violation of Missouri law were intentional, wanton, willful, outrageous, deliberate, done with an evil motive, and in reckless disregard and

indifference to the interests and rights of Major Brands, thus warranting an aware of punitive damages in a fair and reasonable amount to be determined at trial.

WHEREFORE, Major Brands prays for a judgment in its favor and against the Southern defendants—including SGWS, Southern Missouri, and Superior—and Jägermeister in an amount to be determined at trial, including an award of punitive damages, and for its costs of bringing this action and for any other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Evan Z. Reid
 Richard B. Walsh, Jr., #33523
 Evan Z. Reid, #51123
 Oliver H. Thomas, #60676

 600 Washington Avenue, Suite 2500
 St. Louis, Missouri 63101
 (314) 444-7722
 (314) 612-7722 (facsimile)
 rwalsh@lewisrice.com
 ereid@lewisrice.com
 othomas@lewisrice.com

*Attorneys for Plaintiff Major Brands, Inc.*