IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAJOR BRANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00423-HEA |
| | ) | |
| MAST-JÄGERMEISTER US, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### [PROPOSED] OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 25]. Also before the Court are Defendants' respective motions to dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to state a claim, [Doc. Nos. 12, 16, 18]. For the reasons set forth below, Plaintiffs' Motion to Remand, [Doc. No. 25], is granted, and Defendants' motions to dismiss, [Doc. Nos. 12, 16, 18], are denied as moot.

### Facts and Background

Plaintiff Major Brands, Inc. filed the instant action in the Circuit Court of the City of St. Louis, Missouri on February 22, 2018, asserting nine state law causes of action against Defendants Mast-Jägermeister US, Inc. a/k/a Mast-Jaegermeister US, Inc., Mast-Jägermeister US Holding, Inc. a/k/a Mast-Jaegermeister US Holding, Inc., Superior Wines and Liquors, Inc., Southern Glazer's Wine and Spirits, LLC, and Southern Glazer's Wine and Spirits of Missouri, LLC. Plaintiff alleges that the Defendants violated Missouri's Liquor franchise law, Mo. Rev. Stat. § 407.400, *et seq.*, when the Jägermeister Defendants terminated Plaintiff's longstanding liquor distribution agreement without good cause. Plaintiff further asserts that Defendants Superior, Southern, and Southern Missouri conspired and tortiously interfered with its relationship with Jägermeister by instigating the unlawful termination.

On March 16, 2018, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that Defendant Superior, a Missouri corporation, was fraudulently joined, and can therefore be disregarded for purposes of evaluating the existence of complete diversity. Subsequently, on March 23, 2018, Defendants moved to dismiss Plaintiff's claims in their entirety, arguing that the Court lacks personal jurisdiction over Defendant Jägermeister US Holding, and that Plaintiff has otherwise failed to state claims upon which relief can be granted.

Plaintiff timely moved to remand the case on March 26, 2018. Plaintiff asserts that Defendant Superior is a proper party to these proceedings, and that complete diversity among the parties is lacking for the additional reason that Defendant Southern Missouri must be treated as a Missouri corporation (and therefore a Missouri citizen) pursuant to Missouri's liquor control laws, despite its registration with the Missouri Secretary of State as a limited liability company.

## Discussion

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Defendants, as the removing parties, "bear[] the burden of establishing federal jurisdiction by a preponderance of the evidence." *Id.* (citing *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005)). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). If the Court determines that it does not have jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the parties.  28 U.S.C. § 1332(a).  In cases involving multiple plaintiffs and/or multiple defendants, if any one plaintiff and any one defendant are citizens of the same state, there is not complete diversity.  *See OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.") (citation omitted).

Here, complete diversity does not exist on the face of the pleadings, as both Plaintiff and Defendants Superior and Southern Missouri are alleged to be Missouri corporations with their principal places of business in Missouri.  Defendants attempt to defeat this apparent lack of diversity by arguing first that Defendant Superior was fraudulently joined.  As evidence of the alleged fraudulent joinder, Defendants present declarations from their business people attempting to show that Defendant Superior does not currently have any operations, employees, equipment, purchases, or sales, and therefore could not have tortiously interfered with Plaintiff's relationship with Jägermeister as alleged in the Complaint.  Defendants further assert, again by way of untested declarations, that Defendant Superior did not participate in any negotiations or discussions between Jägermeister and Defendants Southern and Southern Missouri, and does not have any relationship with the Jägermeister Defendants.

Plaintiff argues that Defendant Superior is a properly named defendant, and that despite Defendants' claims to the contrary, Superior plays an active and vital role in Defendants Southern and Southern Missouri's Missouri liquor distribution network, and was an essential part of the alleged conspiracy and tortious interference with Plaintiff's relationship with Jägermeister.  In support of this argument, Plaintiff presents evidence indicating that, despite Defendants' claims of lack of operations, Superior not only maintains an active liquor wholesaler license, but also has

3

received over 12,000 brand appointments between August 2016 and March 2018.[1] Additionally, Plaintiff presents evidence asserting that Defendant Superior is integrated into the Southern Defendants' distribution network, shares a facility with Southern Missouri, and is controlled by Southern executives.

A party alleging fraudulent joinder bears the "substantial burden of proving the alleged fraud." *Pickard v. DAP, Inc.*, No. 4:14CV1290 CDP, 2014 WL 3734285, at *1 (E.D. Mo. July 28, 2014) (citation omitted).  As the Eighth Circuit has articulated, "[w]hen determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against [the] nondiverse defendant." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620 (citing *Wilkinson*, 478 F.3d at 964).  The district court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.  In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003).  "[I]f there is a 'colorable' cause of action— that is, if the state law *might* impose liability on the resident defendant under the facts alleged— then there is no fraudulent joinder." *Id.* at 810 (citation omitted) (emphasis in original).

On the record before it, the Court cannot say that Defendant Superior was fraudulently joined.  Plaintiff has alleged facts and presented evidence that, if proven true, would support "colorable" causes of action against Defendant Superior for civil conspiracy and tortious interference under Missouri law.  It is not the Court's responsibility at this stage in the proceedings to evaluate the underlying merits of Plaintiff's claims, or to conduct the summary judgment

---

[1] While apparently acknowledging these brand appointments, Defendants fail to provide any explanation as to *why* a supposedly inactive company would need them, or *how* they were obtained despite Defendant Superior's claimed lack of employees and operations.

4

proceeding that Defendants appear to urge.  Rather, the Court's charge is limited to determining whether "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved."  *Filla*, 336 F.3d at 811.  Finding it reasonable that Missouri law might impose liability upon Defendant Superior, the Court must remand this matter to the Missouri Circuit Court.

Plaintiff contends that diversity jurisdiction is lacking for the additional reason that Defendant Southern Missouri, a Missouri limited liability company whose sole members are citizens of Florida and Texas, must be treated as a Missouri corporation for purposes of the Court's jurisdictional analysis.  Plaintiff argues that Missouri state law determines whether Southern Missouri is a "corporation" under the diversity statute, and that Southern Missouri has held itself out to the Missouri Division of Alcohol and Tobacco Control (the "Division"), and is treated by the Division, as a resident "corporation," as it must be in order to retain its liquor wholesaler license pursuant to the grandfather exception to Missouri's residency requirement.  *See* Mo. Rev. Stat. § 311.060.3.  Defendants argue in response that the Eighth Circuit's decision in *GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004), holding that the citizenship of a limited liability company is determined by that of its members, should control the Court's analysis.  Further, Defendants contend that Missouri's LLC conversion statute, Mo. Rev. Stat. § 351.409, governs Southern Missouri's status as a limited liability company, and its non-resident status.

Having already found Defendant Superior to be a proper party to these proceedings for purposes of the Motion to Remand, thereby depriving the Court of subject matter jurisdiction, the Court need not address the citizenship of Defendant Southern Missouri.  Nevertheless, the Court finds that under the unique circumstances here presented, including the constitutionally recognized

state interest in the regulation of alcohol distribution, the determination of Southern Missouri's corporate status is best left for the Missouri Circuit Court.

## Conclusion

The Court lacks subject matter jurisdiction over this matter, as the parties are not diverse. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 25], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court for the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, [Doc. Nos. 12, 16, 18], are **DENIED** as moot.

DATED this ___ day of May, 2018.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/   Evan Z. Reid
  Richard B. Walsh, Jr., #33523MO
  Evan Z. Reid, #51123MO
  Oliver H. Thomas, #60676MO
  600 Washington Avenue, Suite 2500
  St. Louis, Missouri 63101
  (314) 444-7722
  (314) 612-7722 (facsimile)
  rwalsh@lewisrice.com
  ereid@lewisrice.com
  othomas@lewisrice.com

*Attorneys for Plaintiff Major Brands, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that notice of this filing will be sent to counsel of record for the parties by operation of the Court's electronic filing system.

/s/    Evan Z. Reid