UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18CV423 HEA ) |
| MAST-JAGERMEISTER US, INC., et al. | ) ) ) ) |
| Defendants, | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order [Doc. No. 164]. The Court held a hearing on the motion on October 16, 2019, at which counsel presented their arguments. For the reasons stated below, the motion is denied.

## BACKGROUND

Plaintiff was served with a Rule 30(b)(6) Notice of Deposition. Plaintiff objected to many of the noticed topics, and the parties have resolved a number of the disputed topics. A revised Notice reflecting the revisions was sent. The remaining issues are whether Defendants may probe into Plaintiff's relationship with any of its other suppliers and whether Defendants may inquire into Plaintiff's ownership and efforts to sell or transfer any ownership interests.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 sets forth the scope of discovery in general:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

"[T]he standard of relevance in the context of discovery is broader than in the context of admissibility" but "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992). "The party who served the discovery must show why the information is important to the issues and the party opposing ... must quantifiably explain the burden of providing

the requested information." *Vallejo v. Amgen, Inc.,* 903 F.3d 733, 740 (8th Cir. 2018) (quoting magistrate judge's order).

Rule 26(b)(2) provides that a court "may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). "By order or local rule, the court may also limit the number of requests under Rule 36." *Id*. In addition, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that ... the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

When a party seeks a protective order, "[t]he court may, for good cause, issue an order to protect a party or person from ... undue burden or expense, including one or more of the following ... (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters ...." Fed. R. Civ. P. 26(c)(1).

The burden is on the movant to show the "good cause" required for issuance of the protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "To make this showing, the moving party cannot rely on

broad or conclusory allegations of harm." *Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 757 (D. Minn. 2008) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Information is generally discoverable "unless it is clear that the information sought has no bearing upon the subject matter of the action." *Sinco, Inc. v. B & O Mfg., Inc.*, Civ. No. 03-5277, 2005 WL 1432202, at *1 (D. Minn. May 23, 2005)). The Eighth Circuit has held, nonetheless, that the proponent of the discovery must make a "threshold showing of relevance ... before parties are required to open wide the doors of discovery," in order to limit "fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

## DISCUSSION

Defendants seek discovery relating to Plaintiff's efforts on behalf of suppliers other than Defendant Jagermeister. Plaintiff argues that this information is irrelevant and disproportional. Defendants, however, argue that the information is relevant and proportional in that the information sought will aid in the determination of whether there is a "community of interest" with Plaintiff and Jagermeister. Defendants ask for information regarding Plaintiff's top ten suppliers over a six year period. The request is limited in number and time.

Plaintiff is the only source of this information and presumably it can access this information in its own records to provide it to its designee in preparation for the deposition. Plaintiff has not delineated how it must "prepare" its designee for the deposition other than obtaining the data from Plaintiff's own records. Additionally, the information is relevant to the extent that since Plaintiff is claiming a community of interest with Jagermeister, the information may lead to information to controvert the alleged community of interest.

Likewise, the requested discovery may lead to information that is relevant to the issue of whether the Missouri Franchise Act applies to the parties' relationship, and the request is limited to the last 18 months. It is not overburdensome nor is it unreasonable in terms of time and scope.

Defendants argue they are entitled to discover information about contemplated change in control or ownership of Plaintiff. The Court agrees. This information is relevant to Plaintiff's claimed damages. A change in control may give rise to "good cause" for termination, thus having an effect on Plaintiff's claimed damages for the termination.

Defendants are also entitled to explore how Plaintiff values Defendant Jagermeister's brand as it relates to Plaintiff's claimed damages. Defendants' articulated basis for seeking this information demonstrates that this information is discoverable under Rule 26.

CONCLUSION

Based on the record, the memoranda and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff's Motion Protective Order [Doc. No. 164] is **DENIED**.

**IT IS HEREBY ORDERED** that a status conference is set in this matter for October 30, 2019, at 11:30 a.m. in the courtroom of the undersigned.

Dated this 22nd day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE