UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18CV423 HEA |
| ) | |
| MAST-JÄGERMEISTER US, INC., ) | |
| MAST-JÄGERMEISTER US HOLDING, ) | |
| INC., SOUTHERN GLAZER'S WINE ) | |
| AND SPIRITS OF MISSOURI, LLC, ) | |
| SUPERIOR WINES AND LIQUORS, INC.,) | |
| and SOUTHERN GLAZER'S WINE AND ) | |
| SPIRITS, LLC ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Compel, [Doc. No.'s 181 (sealed) and 183 (redacted)], Plaintiff's Motion to Compel Documents Regarding the Missouri Liquor Franchise Act, [Doc. No.'s 187 (sealed) and 188 (redacted)], Plaintiff's Motion to Compel Punitive Damages Documents, [Doc. No. 189], and Defendants' Motion to Reopen Discovery, [Doc. No.'s 232 (Sealed) and 234 (redacted)]  The parties respectively oppose each other's motions.  Based on the memoranda submitted and arguments heard on the motions, Defendants' Motion to Compel will be granted. Plaintiff's Motion to Compel Document regarding the Missouri Liquor Franchise Act will be denied. Plaintiff's Motion to

Compel Punitive Damages Documents will be granted. Defendants' Motion to Reopen Discovery will be denied.

## Background

Plaintiff brought this action after the termination of an alleged distribution relationship between Plaintiff and Mast-Jägermeister US, Inc. According to Plaintiff, the issues in the case are: whether a franchise existed between Major Brands and Jägermeister such that the termination violated the Missouri Franchise Act and the parties' long standing distribution agreement, and whether Southern Glazer's Wine and Spirits of Missouri, LLC and Southern Glazer's Wine and Spirits, LLC's (collectively, "Southern") actions to induce Major Brands' termination were wrongful and constitute tortious interference, and the extent of the resulting damages, if any, to Major Brands. Discovery in this matter has been tumultuous. The parties have once again sought intervention from the Court based on the inability to resolve discovery issues.

## Legal Standard

Federal Rule of Civil Procedure 26 sets forth the scope of discovery general:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

N goes
Fed. R. Civ. P. 26(b)(1).

## Discussion

**Defendants' Motion to Compel**

In their reply, Defendants advise that three categories remain at issue in the Motion to Compel: information relating to Plaintiff's other suppliers; financial and ownership information relating to Plaintiff, and information about which Plaintiff has made a partial production.

The information sought by Defendants in the Motion to Compel is relevant in relation to the existence of a community of interest, damages, and whether just cause for termination of the relationship existed, as explained throughout Defendants' memoranda. In reviewing parties' submissions, the Court finds that the requested information is not overly burdensome in scope. If Plaintiff has provided all responsive information relative to the respective requests, Plaintiff shall so advise Defendants through a supplemental response to interrogatories and requests. Defendants' Motion to Compel is accordingly granted.

**Motion to Compel Documents Regarding the Missouri Liquor Franchise Act**

Plaintiff seeks an Order compelling Defendants to provide documents and communications relating to either Defendants' understanding of the Missouri Liquor Franchise Act or its applicability. Defendants oppose the motion, arguing that the information sought is protected by the attorney client privilege or the work

- 3 -

product doctrine. Plaintiff argues that Defendants have waived any attorney client privilege and work product protection because during depositions Defendants' representatives, in response to questions posed, testified that they thought the Missouri Franchise Act didn't apply to the situation because counsel had said so.

> Although the [attorney-client] privilege may be waived, such waiver must be voluntary. *Smith v. Smith,* 839 S.W.2d 382, 385 (Mo.App.1992). For example, "anticipatory waiver of the attorney-client privilege may occur where the client places the subject matter of the privileged communication in issue in the litigation." *Chase Resorts,* 913 S.W.2d at 837 (citing *Sappington,* 821 S.W.2d at 904). This commonly arises when a party claims "reliance on legal advice as an element of a claim or defense." *Id.*
>
> \* \* \* \* \* \* \* \*
>
> [A] waiver "extorted under cross-examination" is not voluntary. *Smith*, 839 S.W.2d at 385. Likewise, disclosure "in response to an adverse party's discovery inquiry is not voluntary." *State ex rel. Chance v. Sweeney*, 70 S.W.3d 664, 670 (Mo.App.2002). Chance involved the physician-patient privilege, but the same rule applies here. Information given in reply to an adverse party's inquiry is considered to be "extorted" and involuntary. *Id*.

*State ex rel. Behrendt v. Neill*, 337 S.W.3d 727, 729-30 (Mo. Ct. App. 2011). Defendants' responses in the depositions were "extorted under cross-examination." Any disclosure was clearly involuntary and does not provide the basis for a waiver of the attorney-client privilege or the work product doctrine. Plaintiff's argument that Defendants' intent to rely on an "advice of counsel" defense to reach this information is, at this point speculative, particularly in light of Defendants' representation to the Court that they do not intend to invoke such a defense. Plaintiff is not entitled to any privileged attorney-client or work product material.

**Plaintiff's Motion to Compel Punitive Damages Documents**

Punitive Damage documents are discoverable, and Defendants will not be prejudiced by the disclosure. Plaintiff's three-year net worth request is not overly broad nor unduly burdensome. The Motion will be granted.

**Defendants' Motion to Reopen Discovery**

Defendants seek to reopen discovery for the purpose of obtaining the sale of "Plaintiff" arguing this is relevant for their "change in ownership is just cause for termination" analysis. Defendants have failed to provide just cause for reopening discovery at this point in the litigation. As Plaintiff argues, Defendants appear to be seeking information on the sale of Major Brands, Holdings, which is not the Plaintiff in this case. Further, Defendants have failed to sufficiently demonstrate how discovery of these subsequent actions, which may or may not have occurred, are relevant to the termination of the alleged franchise, which allegedly occurred prior to any sale of any Major Brand entity. The motion will be denied.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel, [Doc. No.'s 181 (sealed) and 183 (redacted)], is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Documents Regarding the Missouri Liquor Franchise Act, [Doc. No.'s 187 (sealed) and 188 (redacted)], is **denied**.

**IT IS FURTHER** ORDERED that Plaintiff's Motion to Compel Punitive Damages Documents, [Doc. No. 189], is **granted.**

**IT IS FURTHER ORDERED** that and Defendants' Motion to Reopen Discovery, [Doc. No.'s 232 (Sealed) and 234 (redacted)], is **denied**.

Dated this 26th day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE