UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18 CV00423HEA |
| | ) |
| MAST-JAGERMEISTER US, INC., | ) |
| et al., | ) |
| Defendant. | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

This matter is before the Court on various Motions in limine filed on behalf of Plaintiff and Defendants. Motions filed on behalf plaintiff are denoted as ECF Numbers 354, 356-362. Motions filed on behalf of Defendant are denoted as ECF Numbers 371 through 377 and 369-7.

**Background**

Plaintiff asserts the remaining claims against Jägermeister for Declaratory Judgment (Count I), Violation of the Missouri Franchise Act (Count II), Recoupment (Count V), Unjust Enrichment (Count VI), , and Civil Conspiracy (Count IX). Plaintiff's remaining claims against Southern Glazer are Tortious Interference (Count VIII) and Civil Conspiracy (Count IX).

Each party complains that the other is likely, or will attempt to introduce evidence, either testimonial, or documentary, or otherwise on certain issues that is

not probative on any issue, is prejudicial, is inflammatory, is calculated to confuse the jury, or simply is not relevant in any manner.

Each party notes in filings related to the various motions in limine that trials are buttressed upon relevant evidence. The nature of the arguments posited by each party, however, suggests there is some new rule of evidence known as the "beneficial evidence" rule. The Court concludes that this is a rule of adversarial creation and essentially means, if it helps my case then it is admissible. It is the non-existence of this rule which forms the perspective of the Court in its review and ruling on the pending motions in limine.

**Motions in Limine Filed by Plaintiff**

Plaintiff asserts in its first motion (Motion #1) [ECF No. 354] that Defendants should be precluded from introducing any comments, evidence, references to evidence, testimony, or argument relating to the relationship of Major Brands and its other suppliers. The Court has fully reviewed the pleadings and other documents of record as well as statements put forth on the record in support of and in opposition to various previously filed matters.

Plaintiff is correct in its assertion that this type of evidence is entirely irrelevant on any issues now pending, including the issue of community of interest under the Missouri Liquor Franchise Act. As the Court has observed previously, the evidence on the issue of community of interest is limited to and focused upon the

two-part test highlighted by *Mo. Beverage Co. Inc. v. Shelton Bros., Inc.,* 669 F. 3d 873, 879-880 (8th Cir. 2012).

Motion #1 is Granted.

In Motion in Limine #2 [ECF No. 356], Plaintiff seeks to exclude evidence of any and all comments, evidence, references to evidence, testimony, or argument relating to any so-called industry practice of (a) wholesalers offering indemnification to terminating suppliers, (b) wholesalers offering payments to suppliers to obtain new business, and/or (c) suppliers consolidating distribution nationally with a single wholesaler.

This Court has previously ruled the Missouri Franchise Act does not mention industry custom and practice and does not require compliance with industry custom and practice in terminating a franchise. The Act requires that "good cause" to terminate must exist and that is what the jury must determine in this case. [ECF NO. 342 AT 7].

Motion in Limine #2 is Granted.

As to Motion in Limine #3 [ECF No. 357], Plaintiff seeks to exclude evidence, argument, or suggestion that Mast-Jägermeister US, Inc. ("Jägermeister") had, or might have "good cause" to terminate major brands. This argument for exclusion appears to relate to a believe that Jägermeister intends to put on evidence in limitation of damages to a two year period of time because shares in Major Brands *Holdings*, Inc. were transferred to a related owner of the remaining shares in early

2020. Another prong of the argument revolves around whether there was a change of control in ownership of Major Brands which could be good cause for termination. Plaintiff is correct in its position that change of control is not good cause under the Missouri Franchise Liquor Law.

Plaintiff also seeks to exclude evidence of any post termination conduct to support its action of termination. Again, Plaintiff is spot on in asserting such evidence as irrelevant.

Motion #3 is Granted.

Motion in Limine #4 [ECF No. 358] is one typical where parties exist in a corporate identity. Plaintiff seeks to exclude evidence of or references to the financial status of individuals that are not parties to this litigation, and which would have no relevance on any of the issues before the Court. The financial status of non-parties is not relevant to any issues remaining in this case. The Eighth Circuit has recognized that where an inquiry into a party's financial status "thr[o]w[s] no light upon the [] issue[s] to be tried by the jury" such evidence should be excluded. *See, e.g., Union Elec. Light & Power Co.*, 65 F.2d at 303. Certainly, if the financial status of a party is not relevant and sheds no light on the issues, then most assuredly the financial wealth of non-parties is irrelevant and inadmissible.

Motion in Limine #4 is Granted.

Plaintiff's Motion in Limine #5 [ECF No. 359] attempts to exclude "any and all comments, evidence, references to evidence, testimony or argument that

Defendants Mast-Jägermeister US, Inc. ("Jägermeister"), Southern Glazer's Wine and Spirits of Missouri, LLC ("Southern Missouri"), or Southern Glazer's Wine and Spirits, LLC ("SGWS," and together with Southern Missouri, "Southern") believed their actions were lawful, including but not limited to testimony that they relied on their counsel for their purported belief."

A review of the record, including statements and arguments suggests to the Court that this motion as to the advice of counsel is likely conceded by the defendants. Motion in Limine #5 will be Granted as to any advice of counsel but denied in all other respects.

The franchise motion, Motion in Limine #6 [ECF No. 360], requests indulgence of the Court in excluding comments, evidence, references to evidence, or depictions of any non-liquor franchise. Said another way Plaintiff wants to keep out evidence that looks like a McDonald's restaurant franchise.

The Court believes the point is well-taken. What a liquor franchise looks like is distinct from what any other franchise, such as McDonald's, looks like. Defendants are limited to pursuing those aspects of evidence consistent with what a liquor franchise looks like in relation to the Missouri Liquor Franchise Act.

Motion in Limine #6 is Granted.

As is set forth in the motion, Motion in Limine #7 [ECF No. 361], Plaintiff seeks to have the Court disallow evidence relating to the relationship between Defendant Jägermeister and other distributors in other states regarding the

termination of distributors in five other states. The Court believes that Plaintiff is concerned that Defendant Jägermeister will seek to create an adverse inference that since none of the other terminated distributors have prosecuted any lawsuits, then Defendant was legally correct in its actions.

The relevant market of concern in this litigation is Missouri, not other jurisdictions or conduct in other jurisdictions. The record further demonstrates that no other distributor had any type of business agreement which was derived from or governed by Missouri law. The Court here notes that pursuant to Fed. R. Evid. 402, only relevant evidence is admissible at trial. Absent a showing connecting the other terminations through some relevant nexus with this case, those circumstances and facts are irrelevant and inadmissible.

Motion in Limine #7 is Granted.

Plaintiff's Motion in Limine #8 [ECF No. 362], seeks to prevent Defendant from eliciting testimony regarding opinions from a report that was stricken by the Court. Plaintiff anticipates Defendant will attempt to have the damage expert testify to matters which were the subject of an expert report that was stricken.

The Court is unaware and can find no arguably related case law or rule that would support the ability of a damage expert to testify from, or use parts of, a stricken report as the basis of any opinion.

Motion in Limine #8 is Granted.

**Motions in Limine Filed by Defendants**

The first Motion in Limine [ECF. No. 371] filed by Defendants is pursued on behalf of Southern Glazer's Wine and Spirits, LLC and Southern Glazer's Wine and Spirits of Missouri, LLC (collectively, "Southern Glazer"). In this motion Southern Glazer wishes to prohibit evidence of any reference to lobbying activity, press releases, or public relation activities conducted by or on behalf of any Party or its predecessor or any other distributor or supplier in Missouri, which were made in support of legislative activity to reinstate an earlier interpretation of Missouri's Franchise Law that created a franchise between liquor manufacturers and distributors without evidence of a license to use a trademark or a community of interest, as was required by the Eighth Circuit's decision in *Mo. Beverage Co., Inc. v. Shelton Bros., Inc.*, 669 F.3d 873 (8th Cir. 2012). Southern Glazer beckons the Court to conclude that such evidence is irrelevant to any issues for consideration by the jury.

The Court agrees such evidence is irrelevant. Defendants first Motion in Limine [ECF. No. 371] will be Granted.

Defendants' Motion in Limine #2 [ ECF. No. 372] filed on behalf of Southern Glazer's Wine and Spirits, LLC, Southern Glazer's Wine and Spirits of Missouri, LLC (together, "Southern Glazer"), and Mast-Jägermeister US, Inc. ("Jägermeister") is referred to by Movants as an "Omnibus" motion. It is directed toward fourteen areas of concern.

Firstly, Defendants wish to prevent testimony relating to Plaintiff's investment in goodwill and corporate character, which would include charitable donations and other philanthropic work that was not specific to Jägermeister. Defendants concede however that such evidence might be admissible to the community of interest issue, but those matters of evidence must be specific to Jägermeister.

Point I is Granted.

Point II of the Motion addresses the issue of the use of depositions at trial. Defendants assert that Plaintiff should be precluded from introducing into evidence the designated portions of any depositions taken of a witness who will testify live at trial, or, in the alternative, allow these witnesses to testify live first before determining whether to admit these designations so as to avoid introduction of cumulative testimony, confusing the jury, and wasting this Court's and the jury's time. Defendants rely upon Federal Rule of Civil Procedure 32(a)(3) in support of the motion.

The Defendants assert the Rule applies to Mr. Popkin, Mr. Greenspan, Mr. Chaplin, and Mr. Vassar. The same argument is made with respect to witness Jocelyn Nave and playing any portion of her deposition testimony.

The Court agrees, considering the arguments presented, that Plaintiff is precluded from offering designated portions of any live witnesses' depositions in its case-in-chief. Point II of the motion is Granted.

Point III requests this Court preclude Major Brands from offering improper lay opinion in the form of testimony, documents or other evidence that speculates as to Jägermeister's (or other suppliers') motives or state of mind, constitutes legal conclusions about the propriety of acts under the Franchise Law or what constitutes improper inducement, is irrelevant to the issues presented by the Jägermeister brand move, is offered without personal knowledge of the underlying facts, and/or purports to be a calculation of damages that has not been properly disclosed pursuant to Rule 26(a)(1)(A)(iii).

Upon review of the filings and arguments the motion is granted as to point III.

Point IV raises a very elementary issue, or request which is whether a party may present or refer to evidence or argument regarding any motions in limine. Defendant argues contrary to the admission of such statements or arguments using Federal Rule of Evidence 403 as its foundation. The law is clear here that it would be improper for Plaintiff to attempt such a tactic.

Point IV of the motion is Granted.

In point V, Defendants have moved to preclude Plaintiff from introducing any argument or reference to Defendants' "failure" to call unavailable witnesses, *i.e.*, witnesses not under their control or outside of the Court's 100-mile subpoena power under Federal Rule of Civil Procedure 45(c)(1)(A). In support Defendants note since such witnesses are not available under compulsory service, their presence or failure to appear is irrelevant and no inference can be drawn for failure to call

them. *Bertroche v. Mercy Physician Assocs., Inc.*, 2019 WL 7761809, at *8-*9 (N.D. Iowa Oct. 28, 2019) (excluding reference to witnesses equally unavailable); *see also EEOC v. CRST Van Expedited, Inc.*, 2013 WL 321021, at *25 (N.D. Iowa Jan. 28, 2013) (granting motion in limine re failure to call witnesses outside of Defendant's control).

Point V of the motion is likewise Granted.

Point VI through XIV are matters of such fundamental, common knowledge relating to the trial and mechanics of a Courtroom procedure that the Court is somewhat mystified as to why these issues are of such concern that they each warrant being part of a motion in limine, The Court will, however address them as a collective. They relate to the use at trial in any way of prior orders of the Court, referencing any person's illness or medical condition, referencing any joint defense agreement, settlement discussions or offers to settle, sequestration of certain witnesses, the relative litigation resources of the Defendants, references to whether any Defendant is a foreign business, or out of state busines, or similar description, seeking stipulations and /or requesting production of documents in front of the jury, and use of a golden rule argument.

These requests have been fully reviewed by the Court and no law contrary to the argument posited by Defendants supports any of the offending uses or areas.

Points VI through XIV inclusive are Granted. Motion #2 [ECF. No. 372] is entirely Granted.

The Court now considers Defendants Motion in Limine #3 [ECF. No. 373] wherein Defendants now seek to prevent Plaintiff from introducing evidence of, referring to, or mentioning (a) punitive damages during opening statements and voir dire (or at any other part of the trial); and (b) Defendants' individual or collective net worth, unless and until the Court determines that Plaintiff has established a prima facie case for punitive damages. Defendants cite *C.C. through Ginnever v. Suzuki Mfg. of Am. Corp.*, 2018 WL 4504687, at *3 (E.D. Mo. Sept. 20, 2018) (granting motion in limine to exclude punitive damages in opening statement or throughout the first phase of trial). It is further asserted that such evidence is not only irrelevant, but its presentation would cause unfair prejudice and undue delay, confuse the issues, mislead the jury, and waste time.

For the reasons set forth in the record Motion in Limine #3 [ECF. No. 373] is Granted.

Motion in Limine #4 [ECF No. 374] wishes to have the Court prevent Plaintiff from referencing or using inflammatory, argumentative, and emotionally-charged language regarding the behavior of Defendants.

The nature of this motion seems to be one in an attempt to derail closing argument language.

All matters of trial cannot be fully contemplated in Motions such as these. Since it is unclear what boundaries the Defendants wish to be set and the depth and breadth of those boundaries, Motion in Limine #4 [ECF. No. 373] will be denied at

this time. The issue raised by the filing of the motion will be addressed if and when the matter arises at trial.

The Defendants specifically address issues surrounding the testimony of an expert, Dr. Alan Cox, in Motion in Limine #5 [ECF No. 375]. Defendants want to prohibit Plaintiff from arguing or eliciting testimony or other evidence relating to any new, additional, or changed opinions by Plaintiff's expert Dr. Alan Cox, including those listed in Dr. Cox's now excluded sur-rebuttal report, Dr. Cox's opinions and alternative damages calculation using a discount rate provided by Plaintiff's CFO Tom Schawang, Dr. Cox's opinions regarding uncalculated "other effects", and what Defendants describe as Dr. Cox's speculative damages calculation.

Dr. Cox provided an expert damages report. The Defendants provided an expert rebuttal report. Thereafter, Plaintiff provided a sur-rebuttal report from Dr. Cox. On May 7, 2021, this Court granted Defendants' Motion to Strike Dr. Cox's Sur-Rebuttal Report. Op., Mem. and Order, May 7, 2021 (ECF No. 345) ("May 7 Order").

Defendants are accurate in their recitation and citation of the law relative Federal Rule of Civil Procedure 26(a)(2)(B) and Federal Rule of Civil Procedure 26(e) and cited case authorities. Defendant is correct that no new, additional, or changed expert testimony should be permitted; that there should be no testimony

from the excluded sur-rebuttal of M. Cox; that there should be no testimony about things not in his report. This type of evidence will be excluded.

Evidence regarding a discount rate and lost profits calculations in this case clearly are the subject of proper inquiry. The motion will be denied as to those aspects and subject to objection at trial.

Motion in Limine #5 [ECF No. 375] is granted as to new, additional, or changed expert testimony; testimony from the excluded sur-rebuttal report of M. Cox; testimony about things not in his report. It is denied as to differing discount rates and lost profits calculations.

Defendants seek to bar, through joint Motion in Limine #6 [ECF No 376], evidence any reference to the potential or actual loss of jobs at Major Brands or anywhere else due to Jägermeister's decision to nationally consolidate its business with Southern Glazer. Defendants argue that type of evidence to be irrelevant, and the prejudicial impact of such evidence far outweighs any probative value that Plaintiff may argue it has. The essence of Defendants argument regarding relevance is that whether any jobs were lost at Major Brands or elsewhere is not probative of any issues created by the pleadings and theory of the case pursued by Plaintiff. The tallow in this case is whether a franchise relationship with Jägermeister that required good cause for termination, and whether Southern Glazer tortiously interfered in that relationship.

In light of the above-stated, Motion #6 [ECF No 376] is Granted.

Through Motion in Limine #7 [ECF No. 377] Defendants have moved to prohibit any references to or statements about gender bias, gender discrimination, or the "me too" movement as irrelevant and immaterial to any issues a jury would be required to resolve at trial.

Defendants are correct. Such evidence bears no relation to the issues of whether there was a franchise, or whether there was good cause to terminate the franchise, or whether Southern tortiously interfered with the relationship between Major Brands and Jägermeister.

Motion in Limine #7 [ECF No. 377] is Granted.

Motion in Limine #8 [ECF No. 369-7] exhibits the intent of the Defendants to obstruct the introduction of evidence relating to (1) prior brand movements between distributors; (2) litigation or settlement of claims arising from prior brand moves; or (3) prior brand moves as part of a larger, unpled plot or scheme to "destroy" or otherwise drive Major Brands out of business.

The Court notes that a review of the record and documents filed relating to various motions, including motions for summary judgment, reveals no issues of import which would tickle any of the above-stated matters into admissibility. Again, the Court notes this case is about whether there was a franchise, or whether there was good cause to terminate the franchise, or whether Southern tortiously interfered with the relationship between Major Brands and Jägermeister.

Motion in Limine #8 [ECF No. 369-7] will be granted.

In conclusion Plaintiff's Motions in Limine are granted as noted above. Defendants' Motions in Limine are granted in part and denied in part as noted above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions in Limine #1 through #4 are **GRANTED; # 5 is GRANTED in part and denied in part. [354, 356-362].**

**IT IS FURTHER ORDERED** that Defendants' Motions in Limine #1 through #8 [ECF 371-377, 369-7] are granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants' Motions in Limine #1 [ECF No. 371, #2 [ECF No. 372], #3[ECF No. 373], #5[ECF No. 375] as to no new, additional or changed testimony, no testimony from the previously excluded sur-rebuttal M. Cox report, and no testimony about matters not in the M. Cox report, #6 [ECF No.376], #7 [ECF No. 377], #8 [ECF No. 369-7] are granted.

**IT IS FINALLY ORDERED** that Defendants' Motions in Limine #4 [ECF No. 374], and #5 [ECF No. 375] relating to differing discount rates and lost profits calculations are **DENIED.**

Dated this 25th day of June, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE