UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-00423-HEA |
| MAST-JÄGERMEISTER US, INC. *et al*, | ) ) ) |
| Defendants. | ) |

**<u>DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

Defendants Mast-Jägermeister US, Inc. ("Jägermeister"), Southern Glazer's Wine & Spirits, LLC, and Southern Glazer's Wine & Spirits of Missouri, LLC (collectively, "Defendants") submit herewith the following objections to Plaintiff's Proposed Jury Instructions, as amended (ECF Nos. 469, 476, 517) (hereinafter, "Plaintiff's Revised Instructions"). Defendants reserve the right to revise or supplement these objections, and expressly incorporate objections already raised to the Court on the record during the instruction conference held on November 19, 2021. Trial Tr. vol. 5-B, 122:3–19.

Respectfully submitted,

THOMPSON COBURN LLP

By:<u>*/s/ Jan Paul Miller*</u>
    Nicholas J. Lamb, #33486MO
    Jan Paul Miller, #58112MO
    Lawrence C. Friedman, #34382MO
    Amanda Hettinger, #55038MO
    Elise N. Puma, #68336MO
    Daniel A. Garcia, #70071
    One U.S. Bank Plaza, Suite 2700
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000
    nlamb@thompsoncoburn.com
    jmiller@thompsoncoburn.com
    lfriedman@thompsoncoburn.com
    ahettinger@thompsoncoburn.com
    epuma@thompsoncoburn.com
    dgarcia@thompsoncoburn.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system for service on the following attorneys:

Richard B. Walsh, Jr.
Evan Z. Reid
Oliver H. Thomas
Sarah A. Milunski
Edward T. Pivin
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101

*Attorneys for Plaintiff*

                    <u>*/s/ Jan Paul Miller*</u>

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REVISED INSTRUCTIONS (ECF NOS. 469, 476, 517)

**Objections Applicable to All of Plaintiff's Proposed Jury Instructions**

Defendants object to the submission of any of Plaintiff's claims to the jury for the reasons set out in its motions for judgment as a matter of law, and renewed motions for judgement as a matter of law, which are incorporated herein by reference. *See* ECF Nos. 491, 493, 495, 497, 521, 523, 525, and 527. Accordingly, Defendants object to each of Plaintiff's jury instructions based on an insufficiency of the evidence.

Defendants further object to each of Plaintiffs' Revised Instructions because there is no evidence to support the submission of such instructions to the jury.

Defendants also object to Plaintiff's Revised Instructions because they omit instructions that are properly included in Defendants' Proposed Instructions (ECF Nos. 465, 477, and 516) and to which Defendants are entitled. Defendants also object to the use of any of Plaintiff's Revised Instructions that differ from Defendants Proposed Instruction on the same issue, and specifically request that the Court use the Defendants' Proposed Instruction instead.

**Plaintiff's Proposed Instruction No. 17 – Violation of Missouri Franchise Act Against Jägermeister (Liquor Specific Definition of Franchise)**

Defendants object to the entirety of Plaintiff's Instruction No. 17.

Defendants object to this instruction because it is contrary to Missouri law, and because Defendants' alternative proposed instruction regarding violation of Missouri Franchise Act is a correct statement of law. Defendants object to this instruction because it fails to adhere to the standard articulated in the Missouri statutes and articulated by the Eighth Circuit. Plaintiff again attempts to create a liquor-specific franchise statute, which the Eighth Circuit and this Court have rejected. *Mo. Beverage Co. v. Shelton Bros., Inc.*, 669 F.3d 873, 878 (8th Cir. 2012); Op., Mem. and Order 6, June 22, 2021 (ECF No. 434). As set forth in the statute, and reiterated by the

Eighth Circuit and this Court, the appropriate jury instruction includes the general definition of a franchise as found in Mo. Rev. Stat. § 407.400(1). *Shelton Bros.*, 669 F.3d at 877-80; ECF No. 434 at 5–6.

Defendants object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 3 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 18 – Violation of Missouri Franchise Act Against Jägermeister (General Definition of Franchise)**

Defendants object to Paragraphs *Third* and *Fourth* of this instruction for failure to adhere to the standard articulated by the Eighth Circuit and adhered to by this Court. *Shelton Bros.*, 669 F.3d at 877-80; Op., Mem. and Order 5–6, June 22, 2021 (ECF No. 434).

Plaintiff defines "community of interest" in Paragraph *Third* (c) as "either (i) Jägermeister benefitted from Major Brands' marketing of Jägermeister's brand(s) of spirits in Missouri; or (ii) Major Brands benefitted from Jägermeister's marketing of its brand(s) of spirits." ECF No. 469 at 26. Plaintiff cite to *C&J Delivery, Inc. v. Emery Air Freight Corp.* to support this community of interest definition. 647 F. Supp. 867, 879 (E.D. Mo. 1986). But *C&J Delivery* is not the appropriate standard.[1]

Since *C&J Delivery* was decided in 1986, the Eighth Circuit has laid out the standard for community of interest. Under that standard in *Shelton Brothers*, a jury must find that (1) Major Brands Major Brands made sizable investments as required by the parties' agreement that were

---

[1] The court even noted that the definition used for community of interest in that case was "at a minimum" what community of interest could mean, not that it was the actual definition. 647 F. Supp. at 872.

specialized to Mast-Jägermeister's goods or services and hence not fully recoverable by Major Brands upon termination; and (2) a large portion of Major Brands' revenues were derived from its relationship with Jägermeister such that Major Brands was economically dependent upon Jägermeister. Mo. Rev. Stat. § 407.400(1); *Shelton Bros.*, 669 F.3d at 877-80; *Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 269 (3d Cir. 1995). This is because franchise laws are intended to protect distributors from "inherently unfair inequality of bargaining power" in which the distributor is "economically dependent" on the supplier. *Shelton Bros.*, 669 F.3d at 877-80; *Cassidy Podell Lynch, Inc. v. SnyderGeneral Corp.*, 944 F.2d 1131, 1143–44 (3d Cir. 1991). Thus, to establish a community of interest with Jägermeister, Major Brands' evidence must show that Jägermeister's decision to end its relationship with Major Brands posed "a threat to the economic health of the [distributor]" and was not a "typical vendor-vendee relationship." *Moe v. Benelli U.S.A. Corp.*, 743 N.W.2d 691, 697 (Wis. Ct. App. 2007) (internal quotations omitted).

In the absence of discussion by Missouri courts regarding the meaning of "community of interest," the Eighth Circuit in *Shelton Brothers* began its analysis by looking at interpretation of the "very similar New Jersey franchise law." 669 F.3d at 879. The Eighth Circuit specifically cited *Neptune T.V. & Appliance Service, Inc. v. Litton Microwave Cooking Products Div.* for its summary of the community of interest requirement:

> The community of interest signalling [sic] a franchise relationship does not imply a sharing of profits. Rather it is based on the complex of mutual and continuing advantages which induced the franchisor to reach his ultimate consumer through entities other than his own which, although legally separate, are nevertheless economically dependent upon him.

*Id.* (citing *Neptune*, 462 A.2d 595, 600–01 (N.J. Super. Ct. App. Div. 1983). The Eighth Circuit then cited the Third Circuit's two-part test in *Cooper* that evolved from the principle in *Neptune*, which is, "(1) the distributor's investments must have been substantially franchise-specific, *and*

(2) the distributor must have been required to make these investments by the parties' agreement or the nature of the business." *Id.* at 879–80 (citing *Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 269 (3d Cir. 1995)) (emphasis added).

In addition, the Eighth Circuit also cited to a test used to interpret the Wisconsin Fair Dealership Law because of the similarity of Wisconsin's law with New Jersey's. 669 F.3d at 880. The court specifically cited the Seventh Circuit's test for Wisconsin law, which is: "(1) when a *large proportion* of an alleged dealer's revenues are derived from the dealership, or (2) when the alleged dealer has made *sizable* investments (in, for example, fixed assets, inventory, advertising, training) *specialized* in some way to the grantor's goods or services, and hence not fully recoverable upon termination." *Id.* (citing *Frieburg Farm Equip., Inc. v. Van Dale, Inc.*, 978 F.2d 395, 399 (7th Cir. 1992)) (emphasis added). The Eighth Circuit concluded that the Missouri Supreme Court would determine the existence of a community of interest "under a standard commensurate" with the two separate tests from the Third Circuit's *Cooper* opinion and the Seventh Circuit's *Frieburg* opinion. *Id.*

Defendants further object to Plaintiff's proposed instruction in Paragraph *Third* (b). There, Plaintiff defines a trademark license as merely "permission" to use Jägermeister's trade names, trademarks, service marks, or related characteristics. ECF No. 469 at 26. But case law is clear that permission is insufficient to create a trademark license. *Shelton Bros.*, 669 F.3d at 879 ("[N]ot every grant of permission to use a trademark in the sale of goods is a 'license.'"); *see also Bacardi U.S.A., Inc. v. Major Brands, Inc.*, 2014 WL 2200042, at *11 (S.D. Fla. Feb. 28, 2012) (same, interpreting the Missouri Franchise Act); *Liberty Sales Assocs., Inv. v. Dow Corning Corp.*, 816 F. Supp. 1004, 1010 (D.N.J. 1993) (same, interpreting identical New Jersey statute). Rather, the jury must find that Plaintiff's use of Jägermeister's marks created a

"reasonable belief on the part of the consuming public that there is a connection between [Jägermeister] and [Major Brands] by which [Jägermeister] vouche[d], as it were, for the activity of [Major Brands]." *See Cooper*, 63 F.3d at 272 (emphasis added) (quoting *Neptune T.V. & Appliance Serv., Inc. v. Litton Microwave Cooking Prods. Div.*, 462 A.2d 595, 599 (N.J. Super. App. Div. 1983)).

Defendants further object that the definition of "license" omits that a license requires that Major Brands "wrapped itself with the trade name of Mast-Jägermeister and relied on Mast-Jägermeister's goodwill to induce the public to buy." *See Shelton Bros.*, 669 F.3d at 879.

Defendants object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 3 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 19 – Tortious Interference with a Franchise Against Southern Glazer's Wine and Spirits of Missouri, LLC**

Defendants object to the entirety of Plaintiff's Instruction No. 19.

Defendants object because "Tortious Inference with Franchise" is not a recognized cause of action under Missouri law. Defendants further object because "Tortious Interference with Franchise" is not a cause of action included in Plaintiff's Second Amended Complaint (ECF No. 120).

Defendants also object to this instruction because it is contrary to Missouri law, and because Defendants' alternative proposed instructions regarding tortious interference are a correct statement of law. For example, Defendants object because Plaintiff's proposed instruction is missing essential elements of the cause of action under Missouri law, including the reasonableness of Plaintiff Major Brands' belief in continuing to distribute Jägermeister brands

as required by Missouri law. *See, e.g.*, *Service Vending Co. v. Wal-Mart Stores, Inc.*, 93 S.W.3d 764, 769 (Mo. App. 2002) ("In order to have a claim for interference with a valid business expectancy, it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with."); *see also* O'Malley, et al., 3 Fed. Jury Prac. & Instr. § 127.01.

Defendants object because Plaintiff's proposed instruction is missing other essential elements of the cause of action under Missouri law, including that where the interference complained of is by a competitor of a plaintiff, improper means must be employed. *Nazeri v. Mo. Valley Coll.,* 860 S.W.3d 303 (Mo. banc. 1993); *Clinch v. Heartland Health*, 187 S.W.3d 10, 17 (Mo. App. 2006) (concluding that after *Nazeri,* a plaintiff must demonstrate improper means even where a contract is involved).

Defendants object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 5 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 20 – Tortious Interference with a Franchise Against Southern Glazer's Wine and Spirits, LLC**

Defendants object to the entirety of Plaintiff's Instruction No. 20.

Defendants object because "Tortious Inference with Franchise" is not a recognized cause of action under Missouri law. Defendants further object because "Tortious Interference with Franchise" is not a cause of action included in Plaintiff's Second Amended Complaint (ECF No. 120).

Defendants also object to this instruction because it is contrary to Missouri law, and because Defendants' alternative proposed instructions regarding tortious interference are a

correct statement of law. For example, Defendants object because Plaintiff's proposed instruction is missing essential elements of the cause of action under Missouri law, including the reasonableness of Plaintiff Major Brands' belief in continuing to distribute Jägermeister brands as required by Missouri law. *See, e.g.*, *Service Vending Co. v. Wal-Mart Stores, Inc.*, 93 S.W.3d 764, 769 (Mo. App. 2002) ("In order to have a claim for interference with a valid business expectancy, it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with."); *see also* O'Malley, et al., 3 Fed. Jury Prac. & Instr. § 127.01.

Defendants object because Plaintiff's proposed instruction is missing other essential elements of the cause of action under Missouri law, including that where the interference complained of is by a competitor of a plaintiff, improper means must be employed. *Nazeri v. Mo. Valley Coll.,* 860 S.W.3d 303 (Mo. banc. 1993); *Clinch v. Heartland Health*, 187 S.W.3d 10, 17 (Mo. App. 2006) (concluding that after *Nazeri,* a plaintiff must demonstrate improper means even where a contract is involved).

Defendants object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 4 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 21 – Tortious Interference with a Business Expectancy Against Southern Glazer's Wine and Spirits of Missouri, LLC**

Defendants object to the entirety of Plaintiff's Instruction No. 21.

Defendants object to this instruction because it is contrary to Missouri law, and because Defendants' alternative proposed instructions regarding tortious interference are a correct statement of law. For example, Defendants object because Plaintiff's proposed instruction is

missing essential elements of the cause of action under Missouri law, including the reasonableness of Plaintiff Major Brands' belief in continuing to distribute Jägermeister brands as required by Missouri law.  *See, e.g.*, *Service Vending Co. v. Wal-Mart Stores, Inc.*, 93 S.W.3d 764, 769 (Mo. App. 2002) ("In order to have a claim for interference with a valid business expectancy, it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with."); *see also* O'Malley, et al., 3 Fed. Jury Prac. & Instr. § 127.01.

Defendants also object because Plaintiff's proposed instruction is missing other essential elements of the cause of action under Missouri law, including that where the interference complained of is by a competitor of a plaintiff, improper means must be employed.  *Nazeri v. Mo. Valley Coll.,* 860 S.W.3d 303 (Mo. banc. 1993); *Clinch v. Heartland Health*, 187 S.W.3d 10, 17 (Mo. App. 2006) (concluding that after *Nazeri,* a plaintiff must demonstrate improper means even where a contract is involved).

Defendants further object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 5 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 22 – Tortious Interference with a Business Expectancy Against Southern Glazer's Wine and Spirits, LLC**

Defendants object to the entirety of Plaintiff's Instruction No. 22.

Defendants object to this instruction because it is contrary to Missouri law, and because Defendants' alternative proposed instructions regarding tortious interference are a correct statement of law.   For example, Defendants object because Plaintiff's proposed instruction is missing essential elements of the cause of action under Missouri law, including the

reasonableness of Plaintiff Major Brands' belief in continuing to distribute Jägermeister brands as required by Missouri law. *See, e.g.*, *Service Vending Co. v. Wal-Mart Stores, Inc.*, 93 S.W.3d 764, 769 (Mo. App. 2002) ("In order to have a claim for interference with a valid business expectancy, it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with."); *see also* O'Malley, et al., 3 Fed. Jury Prac. & Instr. § 127.01.

Defendants also object because Plaintiff's proposed instruction is missing other essential elements of the cause of action under Missouri law, including that where the interference complained of is by a competitor of a plaintiff, improper means must be employed. *Nazeri v. Mo. Valley Coll.,* 860 S.W.3d 303 (Mo. banc. 1993); *Clinch v. Heartland Health*, 187 S.W.3d 10, 17 (Mo. App. 2006) (concluding that after *Nazeri,* a plaintiff must demonstrate improper means even where a contract is involved).

Defendants further object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 4 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 23 – Conspiracy to Violate the Missouri Franchise Act Against Jägermeister, Southern Glazers Wine and Spirits of Missouri, LLC, and Southern Glazers Wine and Spirits, LLC**

Defendants object to this instruction because it is contrary to Missouri law. Defendants specifically object that the use of "one or both of" in paragraph *First* could confuse the jury and result in finding of liability against both Southern Glazer Defendants when the jury intends to hold only one or neither liable.

Defendants also object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

**Plaintiff's Proposed Instruction No. 25 – Punitive Damages Instruction**

Defendants object to this instruction because it is contrary to Missouri law, and because Defendants alternative proposed instructions regarding tortious interference are a correct statement of law. Defendants also object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

**Plaintiff's Proposed Instruction No. 27 – Unjust Enrichment Against Jägermeister**

Defendants object to this instruction because it is contrary to Missouri law. Defendants also object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

**Plaintiff's Proposed Instruction No. 33 – Admissions to the Truth of Certain Facts**

Defendants object to the second paragraph of this instruction, which includes the language of the admission within the instruction itself. Defendants object because it is improper to put a reference to the evidence in a jury instruction, which may be confusing to the jury in that it purports to tell them what the evidence is or improperly adds weight to or highlights a particular piece of evidence as more important than the others.

Plaintiff's cited source suggests that this instruction is used either before an admission is read or at the close of evidence, but does not suggest that the language of the admission itself should be added to the instruction. *See* O'Malley, et al., 3 Fed. Jury Prac. & Instr. § 102:24.50 (6th ed.). According to the cited source, the instruction should be limited to the first and third paragraphs of the instruction. Plaintiff has no support for including specific reference to the evidence in the instruction.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 2 (ECF No. 516) that complies with Plaintiff's cited sources and does not improperly reference the evidence.

**Plaintiff's Proposed Instruction No. 34 – Violation of Missouri Franchise Act Against Defendant Mast-Jägermeister (General Definition of Franchise)**

Defendants object to Plaintiff's Proposed Instruction No. 34 because it is contrary to Missouri law, and because Defendants' alternative proposed instructions regarding violation of Missouri Franchise Act is a correct statement of law.

Defendants object that the definitions for "license" and "community of interest" are included in a separate explanatory instruction. In order for the jury to understand and apply the required definitions of license and community of interest, the definitions must be included with the elements of the verdict director for breach of the Missouri Liquor Franchise Act (see, e.g., Defendants' Proposed Instruction No. 3 (ECF No. 516)).

Defendants also object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 3 (ECF No. 516).

**Plaintiff's Proposed Instruction No. 35 – Definition of License and Community of Interest**

Defendants object to Plaintiff's Proposed Instruction No. 35 because it is contrary to Missouri law, and because Defendants' alternative proposed instructions regarding violation of Missouri Franchise Act is a correct statement of law.

Defendants object to the instruction's definition of "license" because it is inconsistent with Missouri law as stated in *Missouri Beverage Co. v. Shelton Brothers, Inc*. *See* 669 F.3d 873, 879–80 (8th Cir. 2012) (citing *Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 269 (3d Cir. 1995)). Specifically, Plaintiff has added "of alcohol retailers" to the definition despite having no support to do so. As cited by Plaintiff, the definition in *Cooper* is "use of another's trade name in such a manner as to create a reasonable belief on the part **of the**

**consuming public** that there is a connection . . . ." 63 F.3d at 269 (emphasis added). Nowhere in *Shelton Brothers*, *Cooper*, or the Court's previous rulings does the definition of a license include the words "alcohol retailers."

Defendants further object that the definition of "license" omits that a license requires that Major Brands "wrapped itself with the trade name of Mast-Jägermeister and relied on Mast-Jägermeister's goodwill to induce the public to buy." *See Shelton Bros.*, 669 F.3d at 879.

Defendants object to the instruction's definition of "community of interest" because it misstates the cited sources by limiting the first clause to only "Major Brands' investments **in the Mast-Jägermeister brand(s) of spirits** were substantially specific to the brand(s)" instead of Major Brands' investments in general. Plaintiff's proposed definition is circular because it suggests that the jury consider only investments in Mast-Jägermeister's brand, which would definitionally be "specific to the brand." The definition used by Plaintiff does not even match the cited source, which reads, "(1) the distributor's investments must have been substantially franchise-specific; and (2) the distributor must have been required to make these investments by the parties' agreement or the nature of the business." Defendants object that the definition does not define "franchise-specific" investment, which are those that are "not fully recoverable by Major Brands upon termination." Defendants further object to the instruction's use of "brand(s)" instead of brand or brands as it is confusing as written for how the Court will read the instruction to the jury.

Defendants also object that the definition for "community of interest" omits from *Shelton Brothers* that "a large portion of Major Brands' revenues were derived from the relationship, such that Major Brands was economically dependent on Mast-Jägermeister." *See Shelton Bros.*, 669 F.3d at 879–80.

Defendants also object to the use of a separate, definitional instruction for the definitions of "license" and "community of interest." In order for the jury to understand and apply the required definitions of license and community of interest, the definitions must be included with the elements of the verdict director for breach of the Missouri Liquor Franchise Act (see, e.g., Defendants' Proposed Instruction No. 3 (ECF No. 516)).

Defendants also object on the ground that the findings required by the instruction are insufficient to establish liability against Defendants.

For these reasons, Defendants request submission of their own proposed instruction found at Defendants' Proposed Instruction No. 3 (ECF No. 516).