Instruction No. _____|_____

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the marshal for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by plaintiff Major Brands, Inc. against defendants Mast-Jägermeister US, Inc., Southern Glazer's Wine and Spirits, LLC, and Southern Glazer's Wine and Spirits of Missouri, LLC.

Plaintiff Major Brands claims that a legally protected liquor franchise relationship under the Missouri Franchise Act existed between Major Brands and defendant Jägermeister, and that Jägermeister violated that Act by terminating Major Brands without first establishing statutory good cause for the termination. Major Brands further claims that defendants Southern Glazer's Wine and Spirits, LLC and Southern Glazer's Wine and Spirits of Missouri, LLC caused or induced that termination by entering into an agreement with Jägermeister wherein Jägermeister would terminate Major Brands without first establishing statutory good cause, and that defendant Southern Glazer's Wine and Spirits of Missouri, LLC would thereafter distribute Jägermeister's

brands of spirits in Missouri. In addition, Major Brands claims that: Jägermeister was unjustly enriched as a result of the substantial money, time, and labor Major Brands dedicated to creating goodwill for, marketing, and distributing Jägermeister's brands of spirits in Missouri; Jägermeister's termination of Major Brands prevented Major Brands from recouping the reasonable value of the expenses, time, labor, and goodwill Major Brands dedicated to creating goodwill for, marketing, and distributed Jägermeister's brands of spirits in Missouri. Defendant Jägermeister denies that a legally protected liquor franchise relationship under the Missouri Franchise Act existed between Major Brands and Jägermeister, and asserts that its termination of Major Brands was lawful. Defendants Southern Glazer's Wine and Spirits, LLC, and Southern Glazer's Wine and Spirits of Missouri, LLC deny that either of them caused or induced Major Brands' termination.

It will be your duty to decide from the evidence what party is entitled to your verdicts. Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they

might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think your verdict should be.

Instruction No. ___2___

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.

Some of you may have heard the terms "direct evidence" and "circumstantial

evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence

Instruction No. ___3___

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Instruction No. _____4_____

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

Instruction No. _____5_____

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone tries to talk to you about the case [during the trial], please report it to the deputy clerk.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you [must] understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know

about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the court.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid at all reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all.  I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to decide it.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Instruction No. _____6_____

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendant may present evidence, and the plaintiff's lawyer will have a chance to cross-examine his witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

**Instruction No.** 7

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of some of the instructions with you in the jury room; others you will not have copies of.  This does not mean some instructions are more important than others.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**Instruction No. 8**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

**Instruction No. 9**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**Instruction No. 10**

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

There is a different burden of proof that applies to civil conspiracy. A party seeking to prove a civil conspiracy claim has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to establish a civil conspiracy between two or more parties.

**Instruction No. 11**

Evidence was presented to you in the form of an admission to the truth of certain facts. These admissions were given in writing before the trial in response to requests submitted under established court procedures. You must treat these facts as having been proved.

**Instruction No.** ___

Instructions 14 through 20 and general instructions 1 through 12 apply to the claims of Plaintiff Major Brands, Inc. against: (1) Defendant Mast-Jägermeister US, Inc. for violation of the Missouri Franchise Act; (2) Defendants Southern Glazer's Wine and Spirits of Missouri, LLC and Southern Glazer's Wine and Spirits, LLC for tortious interference; and (3) Defendant Mast-Jägermeister US, Inc., Southern Glazer's Wine and Spirits of Missouri, LLC, and Southern Glazer's Wine and Spirits, LLC for civil conspiracy. Use Verdict A to return your verdict on these claims.

**Instruction No. 13**

On plaintiff Major Brands, Inc.'s claim for violation of the Missouri Franchise Act against defendant Mast-Jägermeister US, Inc., your verdict must be for plaintiff Major Brands if you believe:

*First*, Major Brands is a wholesaler licensed pursuant to Missouri law to sell at wholesale intoxicating liquor to retailers duly licensed in Missouri, and

*Second*, Mast-Jägermeister is a supplier engaged in the business as a manufacturer, distiller, rectifier, or out-of-state solicitor whose brands of intoxicating liquor are distributed through duly licensed wholesalers in Missouri, and

*Third*, a written or oral commercial relationship of definite duration or continuing indefinite duration existed between Major Brands and Mast-Jägermeister wherein:

    (a) Major Brands was granted the right to offer, sell, and distribute within Missouri or any designated area thereof Mast-Jägermeister's brands of spirit(s);

    (b) Mast-Jägermeister granted Major Brands a license, as that term is defined in Instruction No. 15, to use Mast-Jägermeister's trade names, trademarks, or related characteristics, and

    (c) there was a community of interest, as that phrase is defined in Instruction No. 14, between Mast-Jägermeister and Major Brands in the marketing of Mast-Jägermeister's brand(s) of spirits at wholesale, retail, by lease, agreement, or otherwise, and

*Fourth*, Mast-Jägermeister terminated, refused to continue, or changed substantially the condition of that commercial relationship without first establishing statutory "good cause," which means first establishing that Major Brands either: (a) failed to comply substantially with the provisions of the agreement or understanding between Major Brands and Mast-Jägermeister, which provisions were both essential and reasonable; or (b) used bad faith or failed to observe reasonable commercial standards of fair dealing in the trade, and

*Fifth*, Major Brands thereby sustained damages.

The phrase "intoxicating liquor" as used in this instruction means alcohol for beverage purposes, alcoholic, spirituous, vinous, fermented, malt, or other liquors, or combination of liquors, a part of which is spirituous, vinous, or fermented, and all preparations or mixtures for beverage purposes, containing in excess of one-half of one percent by volume.

The phrase "trade name" as used in this instruction means a word, name, symbol, device or any combination thereof used by a person or business to identify a business, vocation or occupation and distinguish it from the business, vocation or occupation of others.

The term "trademark" as used in this instruction means any word, name, symbol, or device or any combination thereof adopted and used by a person or business to identify goods that it made or sold and to distinguish them from goods made or sold by others.

**Instruction No. 14**

The term "license," as used in Instruction No. 13, means permission to use Mast-Jägermeister's trade names, trademarks, or related characteristics in such a manner as to create a reasonable belief on the part of alcohol retailers or the consuming public that there was a connection between Mast-Jägermeister and Major Brands by which Mast-Jägermeister vouched for the activity of Major Brands relating to the Mast-Jägermeister brand(s) of spirits.

The phrase "community of interest," as used in Instruction No. 13, means Major Brands' investments in the Mast-Jägermeister brand(s) of spirits were substantially specific to the brand(s), and Major Brands was required to make those investments by the parties' agreement or the nature of the business.

**Instruction No. 15**

If you find in favor of plaintiff Major Brands, Inc. on its claim for violation of the Missouri Franchise Act submitted in Instruction Number 13, then on the claim of plaintiff Major Brands against defendant Mast-Jägermeister US, Inc. and Southern Glazer's Wine and Spirits of Missouri, LLC for civil conspiracy to violate the Missouri Franchise Act, your verdict must be for plaintiff Major Brands, Inc. if you believe:

> *First*, defendant Mast-Jägermeister and Southern Glazer's Wine and Spirits of Missouri, LLC agreed that:

>> (a) Mast-Jägermeister would, in violation of the Missouri Franchise Act, terminate, discontinue, or change substantially the condition of its commercial relationship with Major Brands without first establishing statutory "good cause," which means first establishing that Major Brands either: (i) failed to comply substantially with the provisions of the agreement or understanding between Major Brands and Jägermeister, which provisions were both essential and reasonable; or (ii) used bad faith or failed to observe reasonable commercial standards of fair dealing in the trade; and

>> (b) Southern Glazer's Wine and Spirits of Missouri, LLC would thereafter offer, sell, and distribute Mast-Jägermeister's brand(s) of spirits within Missouri; and

> *Second*, defendants Mast-Jägermeister and Southern Glazer's Wine and Spirits of Missouri, LLC carried out their agreement; and

> *Third*, as a direct result of defendants carrying out their agreement Major Brands was damaged.

**Instruction No.** __16__

If you find in favor of plaintiff Major Brands, Inc. on its claim for violation of the Missouri Franchise Act submitted in Instruction Number 14, then on the claim of plaintiff Major Brands against defendant Mast-Jägermeister US, Inc. and Southern Glazer's Wine and Spirits, LLC for civil conspiracy to violate the Missouri Franchise Act, your verdict must be for plaintiff Major Brands, Inc. if you believe:

> *First*, defendant Mast-Jägermeister and Southern Glazer's Wine and Spirits, LLC agreed that:

>> (a) Mast-Jägermeister would, in violation of the Missouri Franchise Act, terminate, discontinue, or change substantially the condition of its commercial relationship with Major Brands without first establishing statutory "good cause," which means first establishing that Major Brands either: (i) failed to comply substantially with the provisions of the agreement or understanding between Major Brands and Jägermeister, which provisions were both essential and reasonable; or (ii) used bad faith or failed to observe reasonable commercial standards of fair dealing in the trade; and

>> (b) Southern Glazer's Wine and Spirits of Missouri, LLC would thereafter offer, sell, and distribute Mast-Jägermeister's brand(s) of spirits within Missouri; and

> *Second*, defendants Mast-Jägermeister and Southern Glazer's Wine and Spirits, LLC carried out their agreement; and

> *Third*, as a direct result of defendants carrying out their agreement Major Brands was damaged.

**Instruction No. 17**

On plaintiff Major Brands, Inc.'s claim for tortious interference with a franchise against defendant Southern Glazer's Wine and Spirits of Missouri, LLC, your verdict must be for plaintiff Major Brands, if you believe:

*First*, there was a Missouri liquor franchise relationship between Major Brands and defendant Mast-Jägermeister US, Inc., as set forth in paragraph Third of Instruction Number 12,

*Second*, defendant Southern Glazer's Wine and Spirits of Missouri, LLC knew of that franchise relationship, and

*Third*, defendant Southern Glazer's Wine and Spirits of Missouri, LLC caused defendant Jägermeister to terminate, discontinue, or change substantially the condition of its relationship with Major Brands, and

*Fourth*, defendant Southern Glazer's Wine and Spirits of Missouri, LLC did so intentionally and without justification or excuse, and

*Fifth*, Major Brands was thereby damaged.

**Instruction No. 10**

On plaintiff Major Brands, Inc.'s claim for tortious interference with a franchise against defendant Southern Glazer's Wine and Spirits, LLC, your verdict must be for plaintiff Major Brands, if you believe:

*First*, there was a Missouri liquor franchise relationship between Major Brands and defendant Mast-Jägermeister US, Inc., as set forth in paragraph Third of Instruction Number 13,

*Second*, defendant Southern Glazer's Wine and Spirits, LLC knew of that franchise relationship, and

*Third*, defendant Southern Glazer's Wine and Spirits, LLC caused defendant Jägermeister to terminate, discontinue, or change substantially the condition of its relationship with Major Brands, and

*Fourth*, defendant Southern Glazer's Wine and Spirits, LLC did so intentionally and without justification or excuse, and

*Fifth*, Major Brands was thereby damaged.

**Instruction No.** 19

If you find in favor of plaintiff Major Brands, Inc. on one or more of its claims submitted in Instruction Number 14 through Instruction Number 18, then you must award plaintiff Major Brands such sum as you believe will fairly and justly compensate Major Brands for any damages you believe Major Brands sustained and is reasonably certain to sustain in the future as a direct result of defendant Mast-Jägermeister US, Inc.'s termination, discontinuation, or substantial change in the condition of Major Brands' franchise relationship with Mast-Jägermeister or Major Brands' business expectancy in the continued distribution of Mast-Jägermeister's brand(s) of spirits in Missouri.

**Instruction No. _20_**

Instructions 23 through 24 and general instructions 1 through 12 apply to the claim of plaintiff Major Brands, Inc. for unjust enrichment against defendant Mast-Jägermeister US, Inc. Use Verdict B to return your verdict on this claim.

**Instruction No. 21**

If you find that a Missouri liquor franchise relationship existed between Major Brands, Inc. and Mast-Jägermeister US, Inc. as set forth in paragraph 3 of Instruction Number 13, your verdict must be for defendant Mast-Jägermeister US, Inc. on plaintiff Major Brands, Inc.'s claim for unjust enrichment against defendant Mast-Jägermeister.

If, however, you find there was *not* a Missouri liquor franchise relationship between Major Brands, Inc. and Mast-Jägermeister US, Inc. as set forth in paragraph 3 of Instruction Number 14, your verdict must be for plaintiff Major Brands, Inc. on its claim for unjust enrichment against defendant Mast-Jägermeister US, Inc. if you believe:

*First*, Major Brands conferred a benefit on defendant Mast-Jägermeister by expending substantial money, time, and labor in creating goodwill for, marketing, and distributing Mast-Jägermeister's brand(s) of spirits in Missouri, and

*Second*, Mast-Jägermeister received and was enriched by those benefits, and

*Third*, Mast-Jägermeister's acceptance and retention of those benefits is unjust or inequitable.

**Instruction No. 22**

   If you find in favor of plaintiff Major Brands, Inc. on its claim for unjust enrichment against defendant Mast-Jägermeister US, Inc. submitted in Instruction Number 27, then you must award plaintiff Major Brands such sum as you believe represents the amount by which defendant Mast-Jägermeister was unjustly enriched.

**Instruction No. 23**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict forms are your written decisions in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the court security officer that you are ready to return to the courtroom.

## INSTRUCTION NO. XX

## EXPLANATORY: STIPULATED FACTS RE WILLIAM PRESTI DEPOSITION

~~The Plaintiff and the Defendants have stipulated—that is, they have agreed—that~~ Mr.

William Presti's testimony regarding whether Jägermeister and Major Brands had a franchise

does not carry any legal significance or (special) weight. Mr. Presti is not and has never been an attorney

for Southern Glazer's Wine & Spirits, LLC, or Southern Glazer's Wine & Spirits of Missouri,

LLC, and ~~that~~ Mr. Presti is not and never has provided a legal opinion to Southern Glazer's Wine

& Spirits, LLC or Southern Glazer's Wine & Spirits of Missouri, LLC. Therefore, to the extent

you consider Mr. Presti's testimony at all, you must not consider anything Mr. Presti may have

told Southern Glazer's Wine & Spirits, LLC or Southern Glazer's Wine & Spirits of Missouri,

LLC to be legal advice, and therefore may not afford his testimony any more weight than you

would any other testimony you hear in this matter.


Source:  8th Cir. Manual Model Civ. Jury Instr. 2.03 (2020) [modified]

Defendants' Proposed Jury Instruction No. xx

## 1.01 EXPLANATORY:  BEFORE VOIR DIRE

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

From now until you are discharged from the case, and for those who are selected to try the case, from now until you retire to deliberate on a verdict at the end of the trial, you may not discuss this case with anyone, even the other jurors. You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence.

Furthermore, you must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, [claims][charges], evidence or anything else related to this case. *Do not use the internet or Alexa or Siri or Google.*

After you retire to deliberate on a verdict at the end of the trial, you must discuss the case with only the other jurors. You must not tell anyone else anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way

communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Those of you who are selected for the jury in this case must decide this case based only on the evidence received by the court here in the courtroom and the instructions on the law that I give the jury. Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of the court and punished accordingly.

[Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?] (And then continue with other voir dire.)

*Can everyone abide by those requirements? Anyone who feels they cannot?*