UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18CV423 HEA |
| MAST-JÄGERMEISTER US, INC., et al. | ) ) ) ) |
| Defendants, | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Stay Execution of Judgment, [Doc. No. 566]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be denied.

On November 23, 2021, a jury returned its verdict in favor of Plaintiff on its franchise, tortious interference, and civil conspiracy claims. The jury awarded Plaintiff $11,750,000 in damages. Defendants move to stay the judgment without posting a supersedeas bond, contending that it has sufficient funds to cover the judgment if the Eighth Circuit affirms the judgment. Plaintiff objects to the waiver of bond and argues it may execute on the judgment pending any appeal.

When an appeal is taken, a party may obtain a stay by providing a bond or other security. Fed. R. Civ. P. 62(b). A district court, however, has discretion to

waive or reduce the bond requirement. *Regions Bank v. Lamb*, No. 4:16-cv-00078-SWW, 2017 WL 5736371, at (E.D. Ark. Mar. 15, 2017).

Five factors are considered when determining whether to waive the supersedeas bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Dillon v. Chicago*, 866 F.2d 902 (7th Cir. 1988).

The Court concludes there is no reason to waive the bond.  Although Defendants argue they have sufficient funds to pay a judgment if the verdict is affirmed, Defendants have only stated they can pay and have presented nothing other than their statement of financial security as a basis for the waiver.  Rule 62 is intended to provide security in the event Plaintiff is precluded from executing on the judgment which it is entitled to do at this time. Defendants have not offered to exclude the amount of the judgment in a separate reserve or anything which may provide internal security for Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Execution of Judgment, [Doc. No. 566], is **denied**.

Dated this 22nd day of August 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE