UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18CV423 HEA |
| ) | |
| MAST-JÄGERMEISTER US, INC., ) | |
| et al. ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees, [Doc. No. 555]. Defendants oppose the Motion. The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted as provided herein.

## Background

On November 22, 2021, a jury returned a verdict in Plaintiff's favor on its claims against Defendants for violation of the Missouri Franchise Act, tortious interference, and civil conspiracy. Plaintiff was awarded $11,750,000 in compensatory damages.

Mo. Rev. Stat. § 407.413.3 provides:

> Any wholesaler may bring an action in a court of competent jurisdiction against a supplier for violation of any of the provisions of this section and

>may recover damages sustained by such wholesaler together with the costs of the action and reasonable attorney's fees.

Mo.Rev.Stat. § 407.413.3.

Count II of Plaintiff's Amended Complaint claimed a violation of the Missouri Franchise Act. The jury found in favor of Plaintiff on this claim. Pursuant to Section 407.413.3, Plaintiff now moves for an award of attorneys' fees for Plaintiff in the amount of $3,400,413.00.

Defendants' objections to Plaintiffs' Motion do not contest the reasonableness of time spent or hourly rate.[1] Rather, Defendants opposes Plaintiff's request arguing Plaintiff's Motion includes fees for work performed on other counts even though it is entitled to fees solely with respect to Count II.

A trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." *Jenkins ex rel. Jenkins v. State of Mo.*, 127 F.3d 709, 716 (8th Cir. 1997). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In *Hensley*, Supreme Court stated that while there are numerous factors to consider when making a fee award, "the most critical factor is the degree of success obtained." *DeWalt v. Davidson Serv./Air, Inc.*, 398 S.W.3d 491, 507

---

[1] Since Defendants do not challenge the amount of time or hourly rates, the Court need not engage in a lodestar method of determining whether the requested fees are reasonable.

2

(Mo. Ct. App. 2013) (citing *Trout v. State*, 269 S.W.3d 484, 488 (Mo. App. W.D. 2008)

> If the claims for relief have a common core of facts and are based on related legal theories, so that much of counsel's time is devoted generally to the litigation as a whole and rendering it difficult to divide the hours expended on a claim-by-claim basis, such a lawsuit cannot be viewed as a series of distinct claims. *See DeWalt*, 398 S.W.3d at 508. In short, the efforts of the prevailing attorneys should not be discounted where the effort and proof were the same for the claims on which the plaintiff prevailed and those on which he did not. *See id.* (citing *Gilliland v. Mo. Athletic Club*, 273 S.W.3d 516, 524 (Mo. banc 2009)). This is especially true where counsel obtained complete relief for the plaintiff on the successful claims. *See id.*

*DES Dev., LLC v. RevHoney, Inc.*, No. 6:19-CV-03379-MDH, 2021 WL 2697538, at *3 (W.D. Mo. June 30, 2021), *appeal dismissed*, No. 21-2563, 2021 WL 6428180 (8th Cir. Aug. 3, 2021).

Defendants argue that Plaintiffs' fee request should be reduced because the time entries submitted were improper "block billing." While the entries do not indicate how many minutes were spent on each particular task, they are sufficiently specific to communicate the work that was done and its connection to the case. Furthermore, there is no evidence that attorneys were spending an excessive amount of time on their tasks or duplicating the work done by others. "Defendant's position that counsel should be required to more specifically detail how his/her time was expended would place a tremendous burden on any counsel and would result in inefficient utilization of counsel's time." *Monsanto Company v. David*, No. 4:04CV425HEA, 2006 WL 2669076, at *1 (E.D. Mo. Sept. 14, 2006). The

3

Court finds that the billing report sufficiently details the actions taken by the attorneys to allow for meaningful review of the hours expended, so a percentage reduction for block billing is unwarranted here. *Neighborhood Enterprises, Inc. v. City of St. Louis*, No. 4:07CV1546 HEA, 2017 WL 6407874, at *2 (E.D. Mo. Dec. 15, 2017).

According to Plaintiff, due to the length of time involved with litigating this case as well the necessity for rigorous motion practice and discovery, much of which involved developing the record to prove its claims, most of which included a common core of facts and are based on related legal theories. Plaintiff has incurred attorneys' fees which were necessary to proving a franchise existed. The facts necessary to do so also encompassed Plaintiff's other counts, with the exception of Plaintiff's claims for recoupment and unjust enrichment. As such, the fee award will be reduced for fees incurred vis a vis these counts.

## Conclusion

Based upon the foregoing analysis, Plaintiff is entitled to attorneys' fees pursuant to Mo. Rev. Stat. § 407.413.3, reduced by $13,289 for the fees incurred with respect to two counts involving separate facts and legal theories not common to the franchise claim.

Accordingly,

4

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees, [Doc. No. 555], is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded Attorneys' Fees in the amount of $3,387,124.

Dated this 28th day of September 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE