UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAJOR BRANDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18CV423 HEA |
| ) | |
| MAST-JÄGERMEISTER US, INC., ) | |
| et al. ) | |
| ) | |
| Defendants, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Bill of Costs, [Doc. No. 558]. Defendants object to the Bill. Plaintiff has filed a reply to the objections. The issues are fully briefed and ready for disposition. For the following reasons, the Bill of Costs will be approved as provided herein.

## Background

On November 22, 2021, a jury returned a verdict in Plaintiff's favor on its claims against Defendants for violation of the Missouri Franchise Act, tortious interference, and civil conspiracy. Plaintiff was awarded $11,750,000 in compensatory damages.

Plaintiff's bill of costs asserts it is entitled to costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 in the amount of $110.036.09. At the outset, the Court notes that Plaintiff has withdrawn its request for payment of $40.00 as and for a witness fee for Mr. Garcia and $114 for "handling and delivery" costs. As a result, Plaintiff has recalculated its total taxable costs $109,882.09. Defendants object to the bill of costs on the grounds that the costs sought reflect expenses that are not recoverable under § 1920 and controlling Eighth Circuit precedent and seeks to reduce Plaintiff's costs to $31,952.32.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." *Cowden v. BNSF Railway Co.*, No. 4:08CV01534, 2014 WL 107844, at *1 (E.D. Mo. Jan 3, 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title. The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls

2

on cost-shifting in federal courts." *Cowden*, 2014 WL 107844, at *1 (quoting *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Id.* (citing *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987)).

**E-Discovery**

Defendants object to Plaintiff's costs for fees for "exemplification and the costs of making copies of any materials" necessarily obtained for the use in the case in the amount of $48,762.37. As Plaintiff correctly observed, fees for exemplification include e-discovery costs.

In this district, such types of costs are taxable:

> [T]his Court is persuaded by the Plaintiffs' argument that discovery-related copying expenses, and not exclusively trial-related copying expenses, fall within the purview of § 1920(4). Following legislative history, Eighth Circuit precedent, and precedent from other circuits, this Court holds that all expenses related to copying and exemplification, whether for production in discovery or for use at trial, are taxable as costs under § 1920(4) if necessarily obtained for use in the case. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165 (3d Cir.2012) (noting the legislature changed the language of § 1920(4) from "for use at trial" to "for use in the case"); *Country Vintner of North Carolina, LLC, v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 257 (4th Cir.2013) (same); *In re Online DVD–Rental Antitrust Litigation*, 779 F.3d 914, 927 (9th Cir.2015) (noting the Ninth Circuit does not require a document to be introduced into the record to be recoverable as a copy); *Little Rock Cardiology Clinic v. Baptist Health*, 591 F.3d 591, 602 (8th Cir.2009) (citing *Slagenweit*, 63 F.3d 719) (noting the Eighth Circuit has upheld awards of costs for discovery-related expenses); *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir.2015) (citing *Little Rock* with approval for the proposition that a court can properly tax

3

> discovery-related copying costs); *CBT Flint Partners v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed.Cir.2013) (allowing recovery of discovery-related copying costs).
>
> This Court acknowledges the law regarding what qualifies as "making copies" within the meaning of § 1920(4) is inconsistent throughout the nation. However, in defining the term, and in the absence of prevailing Eighth Circuit precedent on this issue, this Court is persuaded by the reasoning of the Federal Circuit and the Ninth Circuit in their interpretations of § 1920(4). *See CBT Flint Partners*, 737 F.3d 1320 (permitting the taxation of discovery-related costs for the production of metadata, imaging drives, file conversion, scanning, and load file production where all of the above are necessary to comply with a court order or production agreement between the parties, but excluding the costs of de-duplication, coding, document review, costs of setting up the data hosting server, keyword searching, and decryption); *In re Online DVD*, 779 F.3d at 928 (permitting taxation of costs for OCR, conversion to TIFF, and citing the reasoning of the Federal, Fourth, and Third Circuits in *CBT Flint*, *Country Vintner*, and *Race Tires* for their relatively inclusive definitions of "making copies"). In order to produce a "faithful production of electronically stored information," the term "making copies" should be construed to include the movant's costs of OCR scanning, TIFF conversions, the imaging of computer storage drives, the transfer of files from one drive or disc to another, the production of load files, and the extraction or imaging of metadata where required to provide a complete copy of a file if such metadata is requested by the opposing party, but shall exclude Bates labeling as a taxable cost. *See CBT Flint Partners*, 737 F.3d 1320 (Fed.Cir.2013); *In re DVD*, 779 F.3d at 928.

*Scott v. Dyno Nobel, Inc.*, No. 4:16-CV-1440 HEA, 2018 WL 6830110, at *2 (E.D. Mo. Dec. 28, 2018).

Additionally, since this Court's decision in *Scott*, courts in this District have routinely allowed Bates labeling costs to be taxable. *Jacobson Warehouse Co., Inc. v. Schnuck Markets, Inc.*, No. 4:17-CV-00764 JAR, 2020 WL 853736, at *5

4

(E.D. Mo. Feb. 20, 2020), aff'd, 13 F.4th 659 (8th Cir. 2021). Defendants' objections regarding copies and third-party management are overruled.

**Transcript costs**

**Stenographic and video-recorded transcripts**

Plaintiff seeks to recover costs of $51,460.31 for printed transcripts and electronically recorded transcripts. This amount includes fees for expedited transcripts and other miscellaneous costs. Defendants object on the grounds that Plaintiff may not recover both types of deposition costs. In response to Defendant's objections, Plaintiff states that it relied on the deposition transcripts – both printed and electronic – throughout the course of the litigation, and notes that it used the transcripts in its summary judgment filings. In addition, Plaintiff argues that it was necessary to obtain the video transcripts because of the poor quality of the stenographic transcripts.

The Eighth Circuit permits recovery of costs for both printed transcripts and video recordings of the same deposition if both were "necessarily obtained for use in the case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465-66 (8th Cir. 2015) (citation omitted); *Hogan Logistics, Inc. v. Davis Transfer Co., Inc.*, No. 4:16CV1541 CAS, 2018 WL 3483077, at *3 (E.D. Mo. July 19, 2018); 28 U.S.C. § 1920(2).

Transcripts are "necessarily obtained for use in the case" where testimony was used in motions or needed for impeachment at trial, the deponent was on the losing party's trial witness list, or the deposition was "necessary to the issues" when taken, even if "use of a deposition is minimal or not critical to that party's ultimate success." *Cattanach v. BNSF Ry. Co.*, No. CV 13-1664 (JRT/JSM), 2016 WL 6915507, at *4 (D. Minn. Oct. 31, 2016), report and recommendation adopted, No. CV 13-1664 (JRT/JSM), 2016 WL 6916803 (D. Minn. Nov. 21, 2016) (internal quotations and citation omitted). A "deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case.'" *Id*. Costs of a videotaped deposition may be taxed provided there is adequate support for the expense. *King v. Turner, Civ*. No. 05–388 (JRT/FLN), 2007 WL 1219308, at *4 (D. Minn. April 24, 2007).

Courts in this district have allowed recovery of costs for both stenographic transcription and video recording of depositions where the prevailing party offers a persuasive reason for obtaining the video deposition, such as the importance of the witness and the likelihood that each witness would be unavailable for trial. See, e.g., *Nat'l Ben. Programs, Inc. v. Express Scripts, Inc*., No. 4:10CV00907 AGF, 2012 WL 2326071, at *3 (E.D. Mo. June 19, 2012). Further, even if a deposition is not introduced at trial, this alone does not establish that the deposition did not reasonably seem necessary at the time it was taken. *Gierer v. Rehab Med., Inc*.,

No. 4:14-CV-1382 CAS, 2018 WL 1397532, at *3 (E.D. Mo. Mar. 20, 2018). A district court has discretion to award costs if the deposition was not "purely investigative," *Smith v. Tenet Healthsystem SL, Inc*., 436 F.3d 879, 889 (8th Cir. 2006), and "reasonably seemed necessary at the time they were taken," *Zotos v. Lindbergh School Dist*., 121 F.3d 356, 363 (8th Cir. 1997). The Court finds that under the circumstances of this fiercely litigated case, Plaintiff has established that both printed and electronic transcripts of the same depositions were necessary for the reasons it asserts. Accordingly, Defendants' objections to costs for both stenographic transcription and video recordings will be overruled.

**Expedited transcripts**

Defendants also object to costs for expedited transcripts. This Court has allowed the cost of expedited transcripts in some cases and denied it in others, based on evidence offered as to why expedited transcripts were reasonable and necessary under the circumstances of each case. *Hogan Logistics*, 2018 WL 3483077, at *2; *Smith v. Toyota Motor Corp*., No. 2:16CV24 ERW, 2018 WL 3496491, at *2 (E.D. Mo. July 20, 2018). Here, Plaintiff responds that it sought expedited processing of transcripts due to delayed scheduling and/or pending deadlines. Expedited transcripts were also necessary so that experts could review them as part of their rebuttal reports.

7

The Court believes Plaintiff's request for the costs of expedited and real-time transcripts is justified given the exigencies and deadlines which arose during this litigation. *Glastetter v. Sandoz Pharms. Corp.,* No. 1:97–CV–00131, 2000 WL 34017154, at *4 n.3 (E.D. Mo. Oct. 3, 2000). Accordingly, Defendants' objections to these costs will be overruled.

**Second Deposition of Dr. Cox**

Defendants argue Plaintiff is not entitled to the second deposition of Dr. Alan Cox because his rebuttal report was stricken.  At the time of the taking of the deposition, which was conducted by Defendants, Plaintiff did not anticipate Dr. Cox's rebuttal report would be stricken, nor that it would not be necessary for the case.  Defendants' objection to these costs is accordingly overruled.

**Miscellaneous deposition transcription fees**

Defendants object to Plaintiff's costs associated with "exhibit management," ability to appear remotely, and other miscellaneous costs.
 See McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985) ("[T]he court should determine that transcripts were not obtained primarily for the convenience of parties but were necessary for use in the case."). Accordingly, it will overrule the objection with respect to these costs. This objection is overruled, as this district ordinarily allows such costs as necessary. *Jacobson Warehouse Co.,*

8

*Inc. v. Schnuck Markets, Inc.*, No. 4:17-CV-00764 JAR, 2020 WL 853736, at *1–10 (E.D. Mo. Feb. 20, 2020), aff'd, 13 F.4th 659 (8th Cir. 2021).

**Daily Transcripts**

Plaintiff's costs for daily transcripts are allowed in that they were, as detailed by Plaintiff, necessarily obtained for use in the case. *See JoAnn Howard & Assocs, P.C. v. Cassity*, 146 F.Supp. 1071, 1081 (E.D. MO 2015).

**Dr. Cox's Deposition**

Defendants seek to exclude costs for Plaintiff's expert fees for attending his depositions. As Plaintiff correctly argues, costs associated with Plaintiff's expert are recoverable.

> The Eighth Circuit has already addressed Plaintiff's argument and found that Federal Rule of Civil Procedure 26(b)(4) permits such an award:
>
> > The district court awarded [Defendant] $975 for costs related to the deposition of expert witness Dr. Micklow. [Plaintiff] claims the district court abused its discretion in granting this award because Dr. Micklow was not a "court appointed" expert as required by 28 U.S.C. § 1920(6). Since Dr. Micklow was not appointed by the district court, we agree that § 1920(6) does not authorize the award of costs related to his deposition. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Nonetheless, Federal Rule of Civil Procedure 26(b)(4)(A) provides that a "party may depose any person who has been identified as an expert whose opinions may be presented at trial," and Rule 26(b)(4)(E) instructs that the district court "must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery." Read together, these rules allow for the recovery of witness fees related to the deposition of Dr. Micklow. *Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000).

*Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). Following *Stanley*, courts in this Circuit routinely award to prevailing parties their court-required expenses of deposing expert witnesses. *See Cramer v. Equifax Info. Servs., LLC*, 2020 WL 887996, at *5 (E.D. Mo. Feb. 24, 2020). Therefore, these costs will be taxed.

*Abts v. Mercy Health*, No. 4:19-CV-2768-JCH, 2021 WL 5492873, at *2–3 (E.D. Mo. Nov. 23, 2021).

## Conclusion

For the reasons set forth herein, the Court will grant Plaintiff's Bill of Costs and tax as costs as provided in Plaintiff's Bill of Costs, less $40.00 witness fee for Mr. Garcia and $114 for handling and delivery, for a total amount of $109,882.09.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs, [Doc. No. 558] is **GRANTED**.

**IT IS FURTHER ORDERED** that costs shall be taxed against Defendants and in favor of Plaintiff in the amount of **$109,882.09.**

Dated this 30th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE