**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAJOR BRANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00423-HEA |
| | ) | |
| MAST-JÄGERMEISTER US, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION BY INTERESTED PARTIES TO UNSEAL COURT ORDER REGARDING SUMMARY JUDGMENT MOTIONS**

Pursuant to Local Rule 13.05(B)(2), interested parties Thompson Coburn LLP and Sharon B. Rosenberg (collectively, "the Interested Parties") respectfully move the Court to unseal for all purposes its Opinion, Memorandum and Order regarding the parties' motions for summary judgment that was entered on June 22, 2021, in the above-captioned case (ECF No. 434) ("the Opinion"). The Interested Parties request that the Opinion be made public on PACER so that it may be reviewed and referenced freely in filings in other cases. Alternatively, the Interested Parties move the Court to unseal the Opinion with the exception only of any portions that quote from documents or testimony designated by the parties as "Confidential-Attorneys' Eyes Only."

The Interested Parties file this motion because they wish to have the ability to freely review, cite, reference, and quote the legal aspects of the Opinion in other cases. The Opinion is relevant and of interest to the Interested Parties and to the public in general, because it addresses important legal issues regarding several causes of action, including claims under the Missouri Franchise Law and claims for breach of contract, breach of the covenant of good faith and fair dealing, recoupment, unjust enrichment, tortious interference with business expectancy, and civil

conspiracy. In light of the strong preference for public access to court filings, and given the passage of time since the Court issued the Opinion in 2021, the Court should unseal the Opinion.

## ARGUMENT

### I. The Court Should Unseal the Opinion in Its Entirety,

#### A. There is a Strong Presumption in Favor of a Public Right of Access to the Opinion, Which Supports Unsealing And Provides The Necessary Interest.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *see also United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *Gray*, 59 F.4th at 333 (internal quotation marks and citation omitted). Further "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (internal quotation marks and citation omitted).

In particular, there is a strong presumption in favor of public access for documents that include legal arguments and dispositive rulings on the merits. "The presumption of public access is entitled to strong weight for documents that play a role in determining litigants' substantive rights." *Ball-Bey v. Chandler*, 2024 WL 888396, at *4 (E.D. Mo. Feb. 13, 2024) (internal quotation marks and citation omitted). "When documents are filed with dispositive motions, the presumption of public access is harder to overcome." *Rhoads v. Webster Univ.*, 2025 WL 2695259, at *16 (E.D. Mo. Sept. 22, 2025); *see also Ball-Bey*, 2024 WL 888394, at *8 (unsealing court's memorandum and order on the defendants' motion for summary judgment).[1]

[1] "Eastern District of Missouri Local Rule 13.05 governs the process for sealing materials and emphasizes the right of the public to access court materials … ." *Lenzenhuber v. Misonix, Inc.*, 2026 WL 1704784, at *2 (E.D. Mo. June 12, 2026) (internal quotation marks and citation omitted).

Here, the document that the Interested Parties seek to unseal (ECF No. 434) is the Court's dispositive ruling on the merits of the parties' summary judgment motions, which includes the Court's legal analysis on the merits of Plaintiff's claims. Thus, there is a strong presumption in favor of public access to the document. The Interested Parties, as legal practitioners—and the public in general—have an interest in the ability to analyze, review, cite, and reference the Court's legal reasoning on dispositive issues in other matters that address similar legal issues. For these reasons, the Court should unseal the Opinion in its entirety.

**B. The Passage of Time Since the Opinion Further Supports Unsealing.**

In addition to the public interest in the substance of the Opinion, the passage of time also supports unsealing the document in its entirety. Under Local Rule 13.05(B)(2), "[n]ot less than 30 days after a final order or other disposition has been issued in a civil action in the District Court, or 30 days after the receipt of a mandate from the Court of Appeals in a case in which an appeal has been taken, a motion may be filed with the District Court requesting that documents previously filed under seal be unsealed and made a part of the public record." E.D. Mo. L.R. 13.05(B)(2). The rule further provides that, "[u]nless otherwise ordered by the Court, all documents previously sealed in a civil action will remain sealed by the Clerk of Court <u>for 90 days following final disposition of the litigation</u>, unless a Motion to Continue Sealing is filed pursuant to Section (A)(4)(a) above." *Id.* (emphasis added).

Here, the Court entered an order 1 ½ years ago, on April 9, 2025, dismissing the case with prejudice. *See* ECF No. 606. Both the 30-day and 90-day periods have long since passed, and there is no indication that any party filed a motion for continued sealing during the 90-day period provided for in Rule 13.05(B)(2). Further, over five years have passed since the Opinion was filed. *See* ECF No. 434. Thus, it is appropriate at this time to unseal the Opinion in its entirety.

### C. Undersigned Counsel Has Reached Out To The Parties For Their Positions.

In addition to the presumption of public access and the passage of time supporting unsealing, several of the parties that originally moved to seal briefing related to their motions for summary judgment do not object to unsealing the Opinion.

A review of the docket shows that Defendants Southern Glazer's Wine and Spirits of Missouri, LLC, Southern Glazer's Wine and Spirits, LLC (collectively, "Southern Glazer"), and Mast-Jägermeister US, Inc. were the parties that moved for leave to file their summary judgment briefing under seal. *See* ECF No. 251. Counsel for the Interested Parties reached out to counsel for Southern Glazer and Mast-Jägermeister US, Inc. which confirmed that those parties have no objection to unsealing the Opinion.[2]

Plaintiff Major Brands, Inc. also filed its summary judgment briefing under seal, although it did not file a motion for leave that would indicate the grounds for sealing, as was permitted under the Protective Order. *See* ECF No. 107 at ¶ 11. The undersigned counsel spoke to counsel for Major Brands, Inc. on November 4, 2026 and inquired whether Major Brands, Inc. would object to unsealing the Opinion. As of the date of filing, the Interested Parties have not heard back on Major Brand, Inc.'s position.

## II. Alternatively, the Court Should Unseal Portions of the Opinion That Do Not Quote from Documents Designated as "Confidential-Attorneys' Eyes Only" by the Parties.

In the alternative, the Interested Parties request that the Court order that all portions of the Opinion that do not quote from documents and deposition testimony designated by the parties as "Confidential-Attorneys' Eyes Only" be unsealed. It is not clear that this would require any sealing/redactions, however. A review of the motion by Southern Glazer and Mast-Jägermeister

[2] Southern Glazer and Mast-Jägermeister were represented by separate counsel from Thompson Coburn LLP.

US, Inc. for leave to file their summary judgment briefs under seal indicates that the basis for sealing was that they planned to include information from "Confidential-Attorneys' Eyes Only" documents and depositions in their briefing. *See* ECF No. 251 at 1-2. Undersigned counsel has consulted with counsel for Southern Glazer and Mast-Jägermeister, who has confirmed that no such confidential information is found in the Opinion.

## CONCLUSION

WHEREFORE, Interested Parties Thompson Coburn LLP and Sharon B. Rosenberg, respectfully request that the Court grant this motion and enter an order that the Court's Opinion, Memorandum, and Order regarding the parties' motions for summary judgment that was entered on June 22, 2021, in the above-captioned case (ECF No. 434) be unsealed for all purposes and that the Opinion be made public on PACER. Alternatively, the Interested Parties respectfully request that the Court enter an order that portions of the Opinion that quote from documents or deposition testimony designated by the parties as "Confidential-Attorneys' Eyes Only" be redacted, and that the remainder of the Opinion be unsealed for all purposes and made public on PACER. The Interested Parties also request that the Court grant such other and further relief as it deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

THOMPSON COBURN LLP

By */s/ Sharon B. Rosenberg*

Sharon B. Rosenberg, #54598MO
One US Bank Plaza
St. Louis, MO 63101
P: 314 552 6000
F: 314 552 7000
srosenberg@thompsoncoburn.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Sharon B. Rosenberg*